INGEBOR OSTENSON BOE v. LOOMIS F. IRISH.[1]

October 29, 1897.

Nos. 10,358—(5).

| 69 | 493 |
|----|-----|
| f82 | 80 |
| d82 | 82 |

**Justice's Judgment—Transcript to District Court.**

G. S. 1894, § 5026, provides that in cases where a justice of the peace has rendered judgment for more than $10, exclusive of costs, "a certified transcript of such judgment" may be filed in the office of the clerk of the district court; and subsequent sections provide, in effect, that the judgment shall thereby become a judgment of the district court. *Held*, the transcript here provided for is a literal copy of the judgment of the justice, and not a mere abstract of the same.

**Same—Variations between Transcript and Judgment.**

The transcript in this case was not such a literal copy,—was substantially different from the judgment in the language used,—but the legal effect was the same, except that the transcript certified that the amount of the judgment was one dollar more than it in fact was. *Held*, as a judg-

[1] Reported in 72 N. W. 842.

ment of the district court it was not void, but irregular and voidable, if proper steps had been taken in due time to set aside the transcript and proceedings in that court.

**Appeal—Failure to Argue Material Point.**

> The appellant having failed to notice or argue another point, on which the case turns and which must be considered and disposed of before the court below can be reversed, the judgment is affirmed.

Action in the district court for Goodhue county to set aside and cancel an execution sale of plaintiff's land under a judgment originally obtained by defendant in justice court, a transcript whereof was returned to the district court out of which the execution issued. From a judgment for plaintiff entered pursuant to findings by Williston, J., defendant appeals. Affirmed.

*F. M. Wilson*, for appellant.

*J. C. McClure*, for respondent.

CANTY, J.

1. In an action in justice court, the justice, after reciting some of the proceedings, entered judgment in his docket as follows:

> Whereupon I rendered judgment for the plaintiff and against the defendant for $11.29, and the costs of this suit, taxed at $6.85, on this 14th day of May, 1887. Judgment, $18.14.
> > D. W. Davenport,
> > Justice of the Peace.

On June 13, 1888, what purported to be a transcript of the judgment was made by the justice in the following form, and filed in the office of the clerk of the district court:

State of Minnesota, ) ss.　　　In Justice Court, before
County of Goodhue, )　　　　　D. W. Davenport,
　　　　　　　　　　　　　　　　　　Justice of the Peace.

L. F. Irish,　　　　Plaintiff, )
　　　　vs.　　　　　　　　　 )
Emma Austin, Defendant. )

Judgment rendered May 14th, A. D. 1887, for plaintiff for.. $11 29
Costs ................................................. 7 85
Costs of transcript.................................. 25
　Execution issued Aug. 23d, 1887.
　Sept. 12th, 1887, execution returned wholly unsatisfied.

The judgment was docketed in the district court, execution was

issued out of that court, certain real estate was sold on the same, the time to redeem expired, and no redemption was made. The defendant in this action claims title under the execution sale, and the plaintiff herein asserts that the sale is void because the alleged transcript of the judgment is not a correct copy of the judgment. The court below held the sale void for this reason.

Section 5026, G. S. 1894, provides:

"Every justice on demand of any person in whose favor he has rendered judgment for more than ten dollars, exclusive of costs, shall give to such person a certified transcript of such judgment."

The subsequent sections provide, in effect, that from the time of filing the transcript in the clerk's office the judgment shall become a judgment of the district court, and be executed in the same manner as other judgments of that court.

We are clearly of the opinion that the transcript of the judgment here provided for is a correct copy of the judgment as it appears on the justice's docket, not a mere abstract of that judgment. But it would be dangerous doctrine to hold that every inaccuracy found in such transcript, on comparing it with the judgment in justice docket, would render the judgment void as a judgment of the district court. Mere irregularities, even in steps that are jurisdictional, will not render void a judgment of a court of record and of general jurisdiction. The defect must be so substantial as to amount to a complete failure to comply with the jurisdictional requirement. The defects in this transcript are not so substantial as to amount to such a complete failure. It cannot be expected that justices of the peace will use apt or technical language in rendering judgments, and their judgments must be liberally construed for the purpose of giving them effect. If the judgment had been entered by the justice in the exact form shown by the transcript, it would be a good judgment,—substantially the same, in effect, as the judgment actually rendered by the justice. The difference is one of mere language, except that the transcript certified that the costs were $7.85, whereas the true amount was $6.85. But a mistake of one dollar in the amount of the judgment should not be given the effect of rendering the proceedings in the district court

absolutely void.   These proceedings were voidable, if proper steps had been taken in due time to set aside the judgment as a judgment of the district court, because of the irregularities in the transcript. But a judgment of the district court cannot be impeached collaterally because of such irregularities.

2. This is the only point argued by appellant.   The court below held the execution sale void on another ground.   The plaintiff's true name is "Ingebor Ostenson Boe."   The action in the justice court was intended to be brought against her, and the summons therein was served upon her, but in all the proceedings therein she was designated by the name of "Emma Austin," and the judgment was entered against her by that name.   On the authority of Casper v. Klippen, 61 Minn. 353, 63 N. W. 737, the court below held that the judgment was so defective that, until amended by direct proceedings for that purpose, no execution could be issued thereon, and levied on the property of Emma Ostenson Boe, and that the execution sale was therefore void.   Counsel for respondent in his brief takes the same position.   But counsel for appellant completely ignores the question thus presented.   We cannot reverse in this case without considering this question, and deciding it contrary to the holding of the court below.   But, as counsel has not discussed the question, we are not called upon to consider it, or look for reasons why Casper v. Klippen does not cover the point.

The judgment is therefore affirmed.