HERMAN G. SCHMAHL and Another v. WALTER A. THOMPSON and Another.[1]

December 20, 1900.

Nos. 12,441—(157).

Transcript of Judgment of Municipal Court.

The law providing for the filing of transcripts of judgments rendered in the municipal courts of this state (Laws 1895, c. 229, § 30) is distinct from, and not controlled by, the statute relating to the returning or filing transcripts of justice court judgments, and the former are sufficient if they contain the docket entries of the same.

Same—Contents—Redemption by Creditor.

When a transcript of a judgment in a municipal court contains the name of the judgment debtor and creditor, the date of docketing, as

[1] Reported in 84 N. W. 649.

well as the amount of the judgment, it is sufficient, if duly certified by the clerk of that court, to entitle the same to filing in the office of the clerk of the district court, as a basis of the right to redeem from a real-estate mortgage foreclosure.

## Amount of Judgment—Presumption.

Although such municipal court transcript does not show that the judgment, exclusive of costs, was more than five dollars, in which case only is the judgment creditor entitled to a certified transcript, yet when the total amount stated in such transcript is more than that sum it will be presumed that the clerk who issued the same has done his duty, and that it was properly issued.

Action of ejectment in the district court for Redwood county. The case was tried before Webber, J., and a jury, which rendered a verdict in favor of plaintiffs. From an order granting a motion for judgment in favor of defendants notwithstanding the verdict, plaintiffs appealed. Reversed.

*Stuart & Glover* and *Joseph Chadderdon*, for appellants.

*John H. Bowers, Baldwin & Howard* and *W. M. Milchrist*, for respondents.

LOVELY, J.

Appeal from an order setting aside a verdict in an action to recover real property, and directing judgment for defendants notwithstanding the same. The single contention in this case is upon the right of the plaintiffs to redeem from a mortgage foreclosure sale resting upon the docketing of a municipal court judgment in the district court of Redwood county. By the order of the court below the right to redeem was denied, from which order plaintiffs appeal.

One Hans Lund was the owner of a half section of land in Redwood county. He had executed several mortgages upon the same, one of which had been foreclosed. A subsequent mortgagee and also the plaintiffs, under a judgment duly rendered in the municipal court for Redwood Falls in proper form and in due time, filed their notices of redemption, and a proper redemption had been made by the mortgagee, but it is claimed that the docketing of the judgment of the municipal court in the office of the district court clerk for Redwood county was fatally defective, and that

plaintiffs' effort to redeem upon their judgment was ineffectual for that reason. The plaintiffs had procured a transcript of their judgment from the clerk of the municipal court, and filed it in the office of the clerk of the district court previous to their effort to redeem. In this transcript it appeared that the judgment debtor was Hans Lund, the owner of the land; that the plaintiffs were the judgment creditors; that the judgment was rendered December 1, 1896; that it was docketed in the municipal court on the same day; and that the amount of the judgment was $39.62. The clerk of the municipal court certified that it was a true transcript of the docket entries made in that court in an action between the plaintiffs in this case and one "Hans Lund, defendant," as appears from the records of said court."

The statute applicable to judgments rendered in municipal courts, and the effect of the same as liens upon real estate, provides that

"Every person in whose favor a judgment is rendered in said municipal court for an amount exceeding five dollars besides costs may, upon paying the fee therefor, demand and shall receive from such clerk, a transcript of the docket entries of such judgment, duly certified, and may file the same in the office of the clerk of the district court in and for the county in which said city is situated, who shall file and docket the same, as in the case of transcripts of judgments from courts of justices of the peace. And every such judgment shall become a lien upon the real estate of the debtor from the time of filing such transcripts to the same extent as a judgment of said district court," etc. Laws 1895, c. 229, § 30.

The municipal court law does not provide for the keeping of a docket as in cases of justices of the peace, and it is claimed by respondents that the transcript of a judgment filed from the municipal court in the district court should be practically a copy of the same, or, at least, as full and explicit as that required from justices of the peace, under the ruling of Boe v. Irish, 69 Minn. 493, 72 N. W. 842; also that the plaintiff and defendant should be designated as such, that proper service was had upon defendant, and that the judgment, exclusive of costs, was more than five dollars. None of these facts appear in the transcript furnished by the clerk of the municipal court in this case, and, if essential

to entitle the judgment to be docketed and to authorize the judgment creditors to redeem, then such redemption could not be made by plaintiffs, and the order of the trial court should be sustained.

There is a clear distinction, however, between the requirements of the statute for the docketing of judgments from municipal courts and from justices of the peace. The statute requires that the transcript from the justice court shall be a transcript of the judgment, in effect a copy of the same, as held in Boe v. Irish, supra; but, in providing for a transcript of a judgment from municipal courts to the district court, the statute requires that the transcript shall be of the docket entries only. Redemptions are favored in the law, for the reason that such result reduces the amount of the landowner's obligations, and secures payment of his debt. A reasonable construction, therefore, should be given to the requirements providing for the docketing of judgments to meet that purpose.

The sheriff through whom the redemptions from foreclosures are made does not act judicially, but proceeds ministerially upon the face of the docket transcript filed in the district court, which apprises interested parties of the court in which the judgment is rendered, where they can examine the validity of the judgment and take action accordingly, if the right to redeem does not exist in fact. We do not see the necessity, in providing for a record lien of the judgment, that it should do more than contain the names of the judgment debtor and creditor, and the amount of the judgment which becomes a lien on the filing of the transcript. These facts are all that are contained in district court dockets upon transcripts filed there, either from other counties or from justices of the peace; and it cannot be presumed, so far as the docketing of the same for liens is concerned, that no docket was kept by the municipal judge, that the entries are untrue, nor that the clerk of the municipal court has violated his duty in furnishing a transcript, where the judgment, exclusive of costs, is less than five dollars. Such officer is entitled to the presumption in such cases of having performed his duty, and the transcript filed fulfils the strict letter of the law in that respect; for, notwithstanding the statutory requirements applicable to justice judgments, it is,

in transcripts from municipal courts, the "docket entries," instead of the transcript of the judgment itself, that is to be filed, which distinguishes this case from Boe v. Irish, supra.

Decisions from other states upon different statutes from ours do not control this question. It is undoubtedly true that the particular steps the statute requires to entitle a party to the right to redeem, through the sheriff, must be complied with, and must appear upon the face of the transcript. This seems to have been done, and the right of the plaintiffs to redeem, so far as such transcript is concerned, was complete when it was filed.

The defendants cannot be heard to complain of such redemption merely upon the ground that the docket does not show the jurisdictional facts, when the statute does not require them to appear in the transcript; for what does appear in the transcript in this case discloses a prima facie right to redeem, and if the municipal court had no jurisdiction, or if any essential fact stated in the transcript of its docket was untrue, the sheriff was not required judicially to determine this question, but the right to relief in such a case could be secured by proceedings for that purpose. The order of the court below is reversed, and the case is remanded for further proceedings in accordance with these views.

Order reversed.