MARGARET FUNK v. GAYLORD LAMB.[1]

November 7, 1902.

Nos. 13,163—(173)

**Municipal Court—Transcript of Judgment.**

A transcript of a judgment of the municipal court of the city of Mankato, showing the names of the judgment debtor and creditor, that judg-

[1] Reported in 92 N. W. 8.

ment was in fact rendered, and the date and amount thereof, and certified to be a transcript of the judgment instead of the docket entries thereof, is a compliance with section 16 of the act creating such court (Sp. Laws 1885, c. 119).

Appeal by defendant from an order of the district court for Blue Earth county, Cray, J., denying a motion for a new trial. Reversed.

*S. B. Wilson,* for appellant.
*C. O. Dailey,* for respondent.

START, C. J.

Action to remove an alleged cloud from the plaintiff's title to a lot in the city of Mankato.

The defendant claims to be the owner of an undivided one-eighth of the lot by virtue of an execution sale of it upon a judgment of the municipal court of the city of Mankato against Will A. Funk, by the name of William Funk, in favor of Sebastian Zimmerman. The judgment was docketed in the office of the clerk of the court of the county of Blue Earth on March 9, 1897, pursuant to an alleged transcript thereof from the municipal court. Will A. Funk, by the death of his father, became the owner of the undivided interest in the lot here in question, which was, on September 24, 1895, duly assigned to him by the final decree of distribution of the proper probate court upon the settlement of his father's estate. No certified copy of this decree was recorded in the office of the register of deeds pursuant to the provisions of G. S. 1894, § 4642. On November 6, 1901, Will A. Funk, under the name of William A. Funk, executed a quitclaim deed of his interest in the lot to the plaintiff, which was recorded in the office of the register of deeds on November 16, 1901.

The plaintiff alleged, in effect, in her complaint, that on March 9, 1897, an instrument purporting to be a transcript of the judgment was filed in the office of the clerk of the district court, which was in these words:

"State of Minnesota,                    Municipal Court,
  County of Blue Earth.                 City of Mankato.

Sebastian Zimmerman, Plaintiff,
vs.
Ernest Mahlke & William Funk, Defendants.

Transcript of Judgment.

Judgment rendered for the plaintiff and against defendants on the 6th day of March, A. D. 1897, for the sum of one hundred thirty-six $^{90}/_{100}$ dollars damages, and for costs seven $^{60}/_{100}$ dollars; in all, one hundred forty-four $^{50}/_{100}$ dollars. Fees for execution and transcript to be added, 25 cents.

"State of Minnesota,   )
County of Blue Earth,  (ss.
  City of Mankato.     )

I hereby certify that the above is a true transcript of judgment rendered in the municipal court of the city of Mankato, and now remaining unsatisfied upon said court docket.

Witness the Honorable Ira P. Shissler, judge of said court, this 6th day of March, A. D. 1897.

                                        Henry W. Brown,
[Municipal Court Seal.]       Clerk of the Municipal Court."

—And, further, that such instrument was not a transcript of the judgment, and the judgment never became a lien upon any real estate owned by the judgment debtor. The prayer of the complaint was for a cancellation of the record of the docketing of the judgment in the district court and the execution sale had thereunder. The district court granted this relief on the ground that:

"The instrument docketed in the office of the clerk of the district court does not purport to be a certified transcript of the docket entries of the judgment in question, and in view of the provisions of Sp. Laws 1885, c. 119, § 16, I think that this case is ruled by Schmahl v. Thompson, 82 Minn. 78, 84 N. W. 649."

The defendant appealed from an order denying his motion for a new trial.

The legal sufficiency of the transcript is the real question for our decision. Counsel for respondent, however, claims that, because the title of the judgment creditor was not of record in the office of the register of deeds, the judgment never became a lien on his interest in the lot. The case of School Dist. No. 10 v. Peterson, 74

Minn. 122, 76 N. W. 1126, is cited in support of this contention. That case is not in point, for G. S. 1894, § 4180, making unrecorded conveyances void as to judgment creditors, was under considera- tion, and not section 5425, making a judgment, from the date of docketing, a lien on all of the real property of the judgment debtor, without reference to whether his title thereto was of record. If the claim of respondent were correct, all that would be necessary to defeat a judgment lien would be to keep the evidence of the judgment debtor's title to real property off the record.

The municipal court of the city of Mankato is organized by virtue of a special act (Sp. Laws 1885, c. 119). Section 7 of the act provides that the clerk of the court shall have the care of the books, papers, and records of the court, and shall keep minutes of all proceedings, and enter all judgments, and make up and keep the records of the court, under the direction of the judge. Section 16 thereof provides:

"No judgment rendered in said municipal court shall attach as a lien upon real estate, until a transcript thereof shall be filed in the district court, as hereinafter provided. * * * Every per- son in whose favor a judgment is rendered in said municipal court for an amount exceeding five dollars besides costs may, upon pay- ing the fee therefor, demand and shall receive from such clerk a transcript of the docket entries of such judgment duly certified, and may file the same in the office of the clerk of the district court of the county of Blue Earth, who shall file and docket the same as in the case of transcripts of judgments from courts of justices of the peace. And every such judgment shall become a lien upon the real estate of the debtor from the filing of such transcripts to the same extent as a judgment of said district court."

It is clear that a transcript of the judgment, as the term is used in the first clause in this section, and the phrase "a transcript of the docket entries of such judgment," as it is used in the subsequent provisions of the section as to filing such transcript in the office of the clerk of the district court, mean one and the same thing, and both must be read and construed together in determining the sufficiency of the transcript in any given case. If this were not so, it would be impossible to make a judgment of the municipal court a lien on the real estate of the judgment debtor, for no such

judgment can attach as a lien upon real estate until a transcript thereof is filed; but there is no provision for procuring and filing any other transcript of the judgment except a transcript of the docket entries of the judgment.

The provisions of the municipal court act of the city of Mankato which we have quoted are substantially the same as the provisions of Laws 1895, c. 229, § 30, construed in the case of Schmahl v. Thompson, supra. It appeared from the record in that case that the municipal court, while not required to do so by law, kept a judgment docket book similar to those used by clerks of the district court for docketing judgments as required by G. S. 1894, § 5425, and that the transcript of the judgment filed in the office of the clerk of the district court was a certified copy of the original entries in the judgment docket. The trial court held in that case that the transcript of the docket entries was not a sufficient transcript of the judgment within the meaning of the law. This court held that it was, and reversed the order of the court below, for the reason that the docket entries certified contained all the essential elements of the judgment, and was a transcript thereof, within the meaning of the municipal court act. But the court did not hold that no transcript of the judgment would be sufficient except a certified copy of the original entries in the judgment docket book kept by the clerk.

It is doubtful if the term "docket entries," as used in the municipal court act, was intended to refer to entries in a judgment docket book which the clerk was not required to keep, but which might properly be kept, if the judge so ordered, as a convenient index of judgment debtors. It is more probable that the term refers to the entries in the minute book or docket that the clerk is required to keep by the provisions of section 7 which we have quoted. It is unnecessary, however, to decide the question, for, if a certified copy of either is filed with the clerk of the district court, it is, if it shows the names of the judgment debtor and creditor, that judgment was in fact rendered, and the date and amount thereof, a sufficient "transcript of judgment," as that term is used in the municipal court act. Tested by this rule, the transcript of

the judgment in question is a full compliance therewith. It is true it is certified as a transcript of the judgment, and not of the docket entries thereof, but the greater includes the less; and it is none the less sufficient because more is certified than the statute requires in order to constitute a "transcript of judgment," as that term is used therein. We therefore hold that the transcript was sufficient, and that the judgment became a lien on the interest of the judgment debtor in the lot in question from the time it was docketed in the district court.

Order reversed.