STATE OF MINNESOTA, Plaintiff in Error vs. WILLIAM B. Mc-GRORTY, Defendant in Error.

Neither an Appeal nor a Writ of Error will lie upon a judgment of the District Court in a Criminal case, on behalf of the State.

This was a Writ of Error to the District Court of Ramsey County, upon a judgment on demurrer to an indictment.

The counsel for the Defendant moved to dismiss the writ, on

the ground that a judgment of the District Court cannot be reviewed in this Court on behalf of the People.

I. V. D. HEARD, Counsel for the State.

GORMAN & PECKHAM, Counsel for Defendant.

*By the Court.*-I. ATWATER, J. An indictment was found against the Defendant above named by the Grand Jury of Ramsey County, at the last Oct. Term of the District Court for that County, under Section 16 of Chapter 103 of the Revised Statutes. The Defendant demurred to the indictment, which demurrer was sustained by the Court below, the order made thereon being as follows, viz: " Ordered that said demurrer be and the same is hereby sustained, and the Defendant McGrorty go hence without day. " From this order the District Attorney, on behalf of the State, brings appeal to this Court. As this is the first instance in which the question has been presented to this Court, whether the People have a right to an appeal or writ of error, in a criminal case, it becomes important to determine the law in relation thereto.

At common law it seems to have been a matter of some doubt whether either party was entitled to an appeal or writ of error in a criminal case. Previous to the time of Queen Anne, writs of error could only be granted *ex gratia regis.* By statute enacted during her reign, they were made writs of right in favor of the Defendant, and there is no doubt but that both previous and subsequent to the enactment of such Statute, writs of error in favor of the Crown were allowed in England. In New York also, previous to the year 1848, writs of error in a number of instances were brought on behalf of the People. But in none of these cases, does it appear that the question was raised or discussed as to the right of the People to bring error in a criminal case, and consequently these cases can have little, if any, weight in determining this question The inference however is strong from the weight of authorities so far as they go, that at common law, the People could not bring appeal or writ of error in a criminal case, on a judgment in favor of the Defendant. At the December Term, 1848, of the Court of Appeals of the State of New York, in the

case of the *People vs. Richard S. Corning*, 2 *Comstock* 9, the question as to the right of the People to bring a writ of error, was fully discussed and definitely settled. The opinion of the Court, delivered by Bronson, Justice, reviews the English and American cases on this question, and settles the point beyond doubt, that a writ of error on behalf of the People could not be brought in that State. And we deem the reasoning in that case equally conclusive to show that such writ will not lie in this State, unless expressly authorized by Statute. It may be remarked here however, that since that decision was made, a statute has been enacted by the Legislature of New York, allowing the District Attorney to bring writs of error in criminal cases on behalf of the People.

It only remains to inquire whether an appeal or writ of error in a criminal case can be brought on behalf of the People by the Statutes of this State. The first reference made on the subject of appeal in criminal cases is found in Chapter 81 of the Revised Statutes, page 413, Section 1, in which it is provided that "a judgment or order in a civil or criminal action, in any of the District Courts, may be removed to the Supreme Court as provided in this Chapter."

In Section 22 of the same chapter, it is provided that "writs of Error may issue in civil and criminal cases of course out of the Supreme Court of this Territory in vacation as well as in term, and shall be returnable to the same Court." Sections 27 and 28 of the same chapter contain the only other provisions therein relative to writs of Error in criminal cases; and a cursory examination of these sections, in connection with those before cited, make it evident that the Appeal and writ of Error in criminal cases, referred to in that chapter, can only be brought by the Defendant in the District Court. If the language used left any doubt on this point, we deem it conclusively settled by the case above cited, of *The People vs. Corning;* the New York statutes previous to that decision being entirely similar, if not identical, with the sections of our statute above referred to.

The next provision of the statute on this subject is found in Chapter 122, Section 122, page 552 of the Revised Statutes, which provides that "if the demurrer be allowed, the judg-

ment is *final* upon the indictment demurred to, and is a bar to another prosecution for the same offence, unless the Court, being of opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, direct the case to the same or another Grand Jury." This section was amended by the Legislature in 1852, the only change, however, made being to grant the somewhat extraordinary power to the District Judge to allow *an amendment to the indictment.* (See *Amendments to Revised Statutes,* p. 28.) With these two exceptions, the judgment in the demurrer is final; and as both these exceptions preclude the idea of an Appeal or writ of Error on the part of the people, it is unnecessary further to consider them.

The only other provisions of statute bearing upon this subject, so far as we have been able to find, are contained in the new sections added at the end of Chapter 132, page 571, and are found on page 29 of the Amendments to Revised Statutes. It will not be claimed that these sections give any authority to bring the proceedings of the Court below before this Court for review on the part of the people, as their whole tenor conclusively shows that they refer to writs of Error brought by the Defendant.

It may be further remarked, that the decisions in other States wherever the question has been raised have been almost uniformly against the right of the people to bring an Appeal or writ of Error in criminal cases. In Illinois (*The People vs. Dill,* 1 *Scammon Ill. R.* 257), Virginia (*Commonwealth vs. Harrison,* 2 *Virg. Cases,* 262), and Tennessee (*State vs. Reynolds,* 2 *Heywood's Tenn. R.*), it has been expressly adjudged that the right does not exist. In Arkansas the prosecuting attorney may bring Error on a bill of exceptions, but this is by force of the statute law of that State. It is believed that Maryland is the only State where this proceeding has been allowed, where the question has been raised, without a special statute authorizing it—(*The State vs. Buchanan,* 5 *Har. and John.* 31); and in that case there seem to have been no precedents cited in support of such a writ, and the Court evidently entertained some doubts as to the right and expediency of issuing such writ on behalf of the State.

Another consideration is not without weight in the discussion of this question: for if it be held that an Appeal or writ of Error lies, on behalf of the State, from a judgment of the District Court in favor of the Defendant, and such judgment be reversed, this Court may be left entirely without power to enforce its judgment; for by Section 112, of Chapter 121 of the Revised Statutes, above cited, if the decision on the demurrer be in favor of the Defendant, he has to be discharged from custody (as has been done in this case), or his bail exhonerated, as the case may be. The statute has made no provision whatever for the re-arrest of the Defendant, nor for any proceedings in the Court below on the reversal of its judgment. If, therefore, error had occurred in the proceedings in the District Court, the ends of public justice would in no way be subserved by removing the case into the Court for review on behalf of the State; for the Legislature has omitted to provide the means for this Court to enforce its judgment on reversal of the jndgment below. This fact alone is almost entirely conclusive to prove that the Legislature never intended to grant the right of Appeal or writ of Error on behalf of the people.

In view, therefore, of the want of authorities to show that at common law the State could bring an Appeal or writ of Error in a criminal case, the lack of any provision in our statute to authorize such proceedings, and of the ancient and well-settled maxim of law that "*Nemo bis debet vexari, pro una et eadem causa*"—a maxim of justice as well as of humanity, and the force of which has been recognized by all Courts in which the rights of citizens are respected and protected—the Court is clearly of opinion that neither an Appeal or writ of Error in a criminal case can be brought on behalf of the people to this Court.

The Appeal must be dismissed.