## ATLAS PORTLAND CEMENT CO. et al. v. FOX.

(Court of Appeals of District of Columbia. Submitted January 8, 1920. Decided April 5, 1920.)

No. 3289.

I. **Deeds ⊝⇒54, 108—Delivery essential to validity.**

Where a deed never came into the possession of the grantee until it was delivered for record, it had no legal existence until that time, as the act of delivery is essential to the existence of any deed.

2. **Estoppel ⊝⇒38—Where deeds were executed before delivery of deed to grantor, title passed from him the instant his deed was delivered.**

Where plaintiff, in purchasing land, had the deed made to C., who conveyed to R., who in turn conveyed to plaintiff, and the deeds to R. and plaintiff were executed before delivery of the deed to C., the instant the legal title passed to C. by delivery of the deed, it passed to plaintiff by force of the covenants for further assurance contained in the deeds to R. and from R. to him.

3. **Judgment ⊝⇒782—Lien attaches to actual interest in after-acquired real estate.**

A judgment lien will attach to after-acquired real estate of a judgment debtor, but only to the extent of the actual title which the debtor has therein.

4. **Judgment ⊝⇒780(5)—Person who conveyed to another before delivery of deed to him had no interest subject to lien.**

Where plaintiff, in purchasing land, had the deed made to C., who executed a deed to a third person, who conveyed to plaintiff before the deed to C. was delivered, C. never acquired any interest to which a prior judgment lien could attach.

5. **Judgment ⊝⇒788(I)—"Creditors," in recording statute, includes judgment creditors.**

Under Code, § 499, providing that, as to creditors and subsequent bona fide purchasers and mortgagees without notice, a deed shall only take effect from the time of its delivery to the recorder of deeds for record, "creditors" includes judgment creditors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

6. **Judgment ⊝⇒788(I)—Failure to record deed did not render land subject to lien of judgments previously obtained.**

Code, § 499, making unrecorded deeds ineffective as against creditors, applies only to creditors who extend credit or secure judgment while the record title remained in the debtor, and did not apply to the failure to record a deed, where the judgments against the grantor were obtained before he obtained title.

Smyth, Chief Justice, dissenting.

Appeal from the Supreme Court of the District of Columbia.

Suit by Edmund K. Fox against the Atlas Portland Cement Company and another. From a decree for plaintiff, defendants appeal. Affirmed.

Chas. W. Clagett, J. M. Kenyon, and H. B. F. Macfarland, all of Washington, D. C., for appellants.

W. G. Johnson, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellee, Fox, filed a bill in equity in the Supreme Court of the District of Columbia to enjoin appellants from attempting to enforce or assert any lien upon certain real estate owned by plaintiff, Fox, in the District of Columbia, by reason of certain judgments at law held by the defendant companies. From a decree in favor of plaintiff, defendants appeal.

It appears that plaintiff, Fox, in July, 1914, purchased the property in question, and for business reasons had it conveyed to one Joseph B. Colburn. The deed to Colburn was executed September 9, 1914. After its execution one of the vendors, Kraft by name, handed the deed to the assistant secretary of the Columbia Title Company, stating that the terms of sale had not been complied with, and instructing him not to record the deed or deliver it until he (Kraft) told him to do so. On the afternoon of September 23, 1914, the agent of the Title Company, pursuant to written instructions from Kraft, filed the deed for record. The deed never came into possession of Colburn, and delivery only occurred by the act of the agent of the Title Company in filing it for record.

On September 22, 1914, the day before authority was given to record the Colburn deed, Colburn executed a deed to the entire property to one Alice J. Reardon, a clerk in the office of Fox, and on the same day Reardon executed a deed to Fox. No consideration passed to either Colburn or Reardon in these transactions. These deeds from Colburn to Reardon and from Reardon to Fox were not recorded until June 10, 1916.

Prior to the conveyance from Kraft to Colburn, two judgments were secured in this District against Colburn, one in favor of defendant Cement Company and one in favor of defendant Sand Company. It is to restrain any attempted enforcement of these judgments as liens upon the real estate in question that this action was brought.

[1] The reason Fox had for taking title through Colburn and Reardon was to enable him to place two trusts upon the property. These are not important, since defendants' case rests upon their right to assert their judgment liens by reason of the delay of Fox for almost two years in recording the Colburn and Reardon deeds. It is not contended that Colburn ever had any right or interest in the property. The deed from Kraft to Colburn had no legal existence until one day after Colburn had executed and delivered the deed to Fox.

"The act of delivery is essential to the existence of any deed, bond, or note. Although drawn and signed, so long as it is undelivered, it is a nullity; not only does it take effect only *by* delivery, but also only *on* delivery." Young v. Clarendon Township, 132 U. S. 340, 353, 10 Sup. Ct. 107, 111 (33 L. Ed. 356).

[2] It follows, therefore, that on September 22, 1914, when Colburn deeded to Reardon and Reardon deeded to Fox, neither Colburn nor Reardon had any title, and the title which subsequently passed to Fox was by force of the covenant for further assurance contained in the two deeds. Hence the instant legal title passed to Colburn by the constructive delivery of the Kraft deed for record, it passed to Fox by the two deeds of the day before. If the judgments could attach and bind the property by virtue of the delay of Fox to record the Colburn and Reardon deeds, by the same token they would have attached if the deeds had been recorded the day they were executed, for the instantaneous existence of the title in Colburn would serve as well for the attachment of the lien as the 20 months Fox withheld the deeds from record. In other words, if a lien attached it did so as matter of law, and not through any equitable rights the defendants either gained or lost. During the period the apparent record title was in Colburn, defendants extended no credit, acquired no judgments, and refrained from doing no act upon the strength of it. Indeed, they admit they were without knowledge of Colburn's connection with the transaction until summoned in the present suit.

The whole claim is based upon a construction of section 499 of the District Code, which is as follows:

"Any deed conveying real property in the District, * * * executed and acknowledged and certified as aforesaid and delivered to the person in whose favor the same is executed, shall be held to take effect from the date of the delivery thereof, except that as to creditors and subsequent bona fide purchasers and mortgagees without notice of said deed * * * it shall only take effect from the time of its delivery to the recorder of deeds for record."

The statute is one merely of notice. As stated by Chief Justice Alvey in Fitzgerald v. Wynne, 1 App. D. C. 107, 121:

"The great object of the statutes in requiring deeds of conveyance to be acknowledged and recorded is to prevent the practice of fraud upon creditors and purchasers—to furnish the means of notice and protection to innocent third parties."

To prevent fraud and furnish notice when? At the time the credit is extended or the claim reduced to judgment, on the strength of the debtor's apparent title. Not before the title was acquired, but during its record existence.

[3, 4] Unquestionably a judgment lien will attach to after-acquired real estate by the judgment debtor. McClung v. Beirne, 10 Leigh (Va.) 394, 34 Am. Dec. 739; Coad v. Cowhick, 9 Wyo. 316, 63 Pac. 584, 87 Am. St. Rep. 953. But the lien will only attach to after-acquired real estate to the extent of the actual title which the debtor has therein.

"It is generally conceded that the lien of a judgment does not attach the land to which the judgment debtor has only a naked legal title, unaccompanied by any beneficial interest, the equitable and beneficial title being in another. A judgment lien attaches only to the interest which the debtor has in the real estate, and if he has no actual interest, though possessing the legal title, then no lien attaches." 15 R. C. L. 807.

Inasmuch as it must be conceded that Colburn never acquired any interest in the real estate in question to which a prior judgment lien

could attach, it follows that defendants can assert no rights upon the theory of after-acquired title.

[5, 6] Coming to the effect of the recording statute (section 499, supra), it is universally held that statutes which protect subsequent purchasers and incumbrancers against prior unrecorded deeds are not construed as affording protection to a judgment creditor. Brown v. Pierce, 7 Wall. 205, 19 L. Ed. 134. But our statute goes further, and affords protection to creditors, which includes judgment creditors. But this, in the absence of fraud, applies only to cases where the credit has been extended or judgments have been secured while the record title remained in the debtor. In American Savings Bank v. Eisminger, 35 App. D. C. 51, 21 Ann. Cas. 861, this court, construing the present statute, said:

"So interpreted, we think it must be declared to have extended the judgment lien to all lands held under apparently perfect legal title by the judgment debtor at the time of the rendition of judgment, notwithstanding the same might be subject to some secret trust, capable of being placed upon record. * * * We are of the opinion, therefore, that the lien of the appellants' judgment attached to the land, to the extent of Robinson's apparent title, and is superior to the equitable interests of the syndicate beneficiaries, of which the creditors had no notice when their judgments were rendered."

This clearly states the limitations of the statute in this District. It therefore appears that, since the claims of defendants neither accrued nor were reduced to judgment during the period of almost two years during which the record title remained in Colburn, the liens will not attach.

The decree is affirmed, with costs.

Affirmed.

SMYTH, Chief Justice, dissents. See 49 App. D. C. ——, 267 Fed. ——.