## ATLAS PORTLAND CEMENT CO. et al. v. FOX.

(Court of Appeals of District of Columbia. Decided April 5, 1920.)

No. 3289.

Dissenting opinion.

For majority opinion, see 49 App. D. C. 292, 265 Fed. 444.

SMYTH, Chief Justice. This case, as observed by the majority, is to be determined by a correct interpretation of section 499 of our Code. It presents, therefore, but very little difficulty, because the meaning of that section is as obvious and simple as the English language could well make it. It says that a deed of real estate shall take effect from the date of its delivery, "except that as to creditors and subsequent bona fide purchasers and mortgagees without notice of said deed, and others interested in said property, it shall only take effect from the time of its delivery to the recorder of deeds for record." The deed from Colburn to Reardon, and the one from her to Fox, were not delivered to the recorder of deeds for record until nearly 20 months after Colburn had acquired title to the property. During all this time appellants' judgment against Colburn remained unsatisfied; yet the majority says that it is not entitled to priority over the unrecorded deeds just mentioned. The section says that all such deeds as to creditors and subsequent bona fide purchasers and mortgagees shall not take effect until they have been delivered to the recorder for record. If they, Reardon's and Fox's deeds, did not take effect before that, then what, I ask; prevented the lien of the appellants' judgment from taking precedence of them?

The majority hold that a creditor, who reduces his claim to judgment before the vesting of title to a certain piece of property in his debtor, is not entitled to the benefit of the section as to that property; in other words, that the section applies only to creditors whose judgments were rendered after the acquisition of title by the debtor—that creditors are in the same class as bona fide purchasers and mortgagees. Thus, in effect, the majority amend the section by transferring the word "subsequent" from the place where Congress wrote it to a position immediately in front of the word "creditors," so that, as changed, it reads, "subsequent creditors and bona fide purchasers," etc. I submit that there is no legal warrant for this action.

An extract from American Savings Bank v. Eisminger, 35 App. D. C. 51, 55, 21 Ann. Cas. 861, is offered by the majority in support of their holding, but that extract, to be properly understood, must be read in the light of what immediately precedes it. The court in that case was combating the argument of Eisminger that the judgment lien was "limited to the actual, real interest of the judgment debtor in the land. * * *" It said that the argument was not sound, that the section must "be interpreted in the light of the general policy in respect of record notice of titles and interests, expressed in preceding sections, the purpose and effect of which are important in its efficient operation." Then follows what the majority quote. The opinion lends no countenance to the construction now placed upon the section.

No notice is taken by the majority of Ruppert v. Haske (decided by the Supreme Court of this District, sitting en banc, in 1886) 5 Mackey, 262. The particular part of the section here involved was then in force, and had been for about 8 years. The contest was between a judgment creditor and the holder of an unrecorded equitable mortgage. Each claimed priority with respect to certain real property of the judgment debtor. The judgment was recovered in 1879, and the title to the property vested in the judgment creditor in 1880. We have, then, a case exactly in point. The court held that the judgment lien was entitled to precedence over the mortgage. In support of its conclusion it cited McCoy v. Rhodes et al., 11 How. 131, 13 L. Ed. 634, and Taylor v. Doe, 13 How. 287, 14 L. Ed. 149. The former is especially pertinent. It construes a Louisiana statute quite similar to ours. In doing so it said:

"The next ground of defense relied on is the conveyance made by Rhodes to Montgomery of the 7th of December, 1839. It was recorded December 10, 1841. According to the statute law of Louisiana, no notarial act [deed] concerning immovable property has effect against third persons, until the same shall have been recorded in the office of the judge of the parish where such property is situated."

Applying the statute, as thus interpreted, to the case in hand, it further said:

"The deed from Rhodes to Montgomery being a notarial act, it took effect on the 10th of December, 1841, against McCoy, the judgment creditor; and as the lien of the judgment, or judicial mortgage, attached the 24th of February, 1840, when the title was in Rhodes the debtor, *this deed is of no force as against the judgment,* nor are the subsequent deeds founded on it; * * *." (Italics mine.)

Looking at the instant case in the light of that decision, Fox's deed, in contemplation of law, "is of no force as against the judgment," because not recorded until about 20 months after title had vested in the judgment debtor, Colburn. This is exactly what our section says, namely, that the unrecorded deed "shall only take effect from the time of its delivery to the recorder of deeds for record." In principle this is what the Ruppert Case held, and it has stood as the law of this district for nearly 33 years. The majority ignore it, not making even a passing comment.

It is urged by counsel for the appellee that in all the cases cited by the appellants "the judgment debtor was the apparent record owner at the time of credit given or judgment entered." This is not strictly true, but, if it were, it would be immaterial, because it would only tend to show that the question now before us was not considered by those cases. On the other hand, the appellee has not presented any decision in which it was ruled that, under a statute like ours, a judgment rendered prior to the acquisition of title by the judgment debtor would not take precedence over an undisclosed deed. A careful search has failed to reveal to me such a case, and I should be very much surprised if one could be found.

The majority say "that, since the claims of the defendants neither accrued nor were reduced to judgment during the period of almost two years, during which the record title remained in Colburn, the liens will not attach." No distinction is made, it will be observed, between a situation where the judgment debtor acquired only a dry legal title and one in which he acquired the beneficial title. Under this reasoning, even if Colburn had the fee simple, the lien of the judgment would not attach, since the judgment was rendered before he acquired title. To say so, I submit, is to fly in the face of the plain mandate of the section.

Believing that the section means what it enjoins, and that the appellants are entitled to their lien, I dissent.