MARY E. GREEAR v. BENJAMIN A. PAUST.[1]

May 13, 1938.

No. 31,658.

See 192 Minn. 287, 256 N. W. 190.

*Malmberg & Nelson, Arthur LeSueur,* and *George Havel,* for appellant.

*W. Yale Smiley, Thomas H. McMeekin,* and *Henry J. Greene,* for respondent.

LORING, JUSTICE.

This was a suit to recover $21,875 and interest, upon the theory that the defendant, with constructive notice of the fact that certain

[1] Reported in 279 N. W. 568.

Canadian lands were held in trust for the plaintiff, had purchased the same from plaintiff's mother, subject to an outstanding contract for deed to the Moose Mountain Fur Ranches, Ltd. and had received $21,875, the contract price, from that company when it fulfilled its contract and took title to the land. The case was tried to the court without a jury, and this appeal is taken from an order denying the plaintiff's motion for a new trial after findings of fact and conclusions of law and order for judgment had been made in favor of the defendant.

In support of her complaint the plaintiff offered in evidence a trust agreement between her father, Patrick Henry Greear, of Minneapolis, and her mother, Emily I. Greear, of Los Angeles, by which Patrick conveyed to Emily the lands in question to be held in trust for the plaintiff until she attained the age of 21 years, when title was to be conveyed to her absolutely. The land was subject to an agreement of sale to the Moose Mountain Fur Ranches, Ltd., and the trust agreement provided that Emily should receive the money which should be .paid under that contract for the purposes of the trust. This contract was never recorded in Canada, but a deed from Patrick to Emily which recited that the conveyance was "in trust for Mary E. Greear" was recorded in the province of Saskatchewan and a copy thereof certified by the registrar of the Arcola land registration district, in which such land was located, was offered in evidence. The defendant objected on the ground that no proper foundation had been laid for the introduction of the instrument and that it was incompetent, irrelevant, and immaterial and on the further ground that the matter had been disposed of and determined in the case of Greear v. Paust, 192 Minn. 287, 256 N. W. 190. The court received the instrument subject to the objection, whereupon the plaintiff offered in evidence certain statutes of Saskatchewan relating to documents affecting the title to land, which among other things provided that a copy of such recorded instrument, certified to be true by the registrar in charge of the land title office in which the original is filed and registered, may be received as *prima facie* evidence for all purposes as if the original instrument were produced and also as *prima facie* evidence of the

execution of the original instrument according to the purport of the copy and of the time of filing or registering the original. The defendant objected to the Canadian statute as incompetent, irrelevant, and immaterial, no proper foundation laid, and that no proper proof was offered of the foreign law, and further that no such law was pleaded in the complaint. A further objection to the offered instrument was then made to the effect that it was not properly authenticated. The offer of the statute was received subject to objection.

The court made its findings of fact to the effect that on November 2, 1928, Patrick Henry Greear was the owner of the land in question subject to the contract of sale to the Fur Ranches, that he executed the trust agreement and the conveyance, that later, on October 16, 1930, Emily gave to Patrick a power of attorney to sell or exchange these lands, and that pursuant thereto he contracted with the defendant to exchange the land subject to the contract with the Fur Ranches for a contract for deed to property in Minneapolis known as the Mayfair Apartments, being the same property referred to in our opinion in Greear v. Paust, 192 Minn. 287, 256 N. W. 190. The court found that the Fur Ranches paid the purchase price for the Canadian land, which amounted to $21,875, to the defendant, but that he had no notice that plaintiff had any interest in the Canadian land or that her mother had or claimed to have and hold the title thereto in trust for the benefit of the plaintiff until the commencement of this action. As a conclusion of law the court found that the plaintiff was not entitled to recover anything from the defendant and ordered judgment accordingly. Plaintiff thereupon moved for amended findings, the principal amendment asked being that the defendant had constructive notice of plaintiff's interest in the land when he took the conveyance of the Canadian property. She also moved that if her motion be denied a new trial be granted on the ground that the decision was not justified by the evidence and was contrary to law. The court denied the motion except that it amended its findings to include a finding that a conveyance from Patrick to Emily in trust for the plaintiff was duly entered and registered in the Canadian land

titles office on November 2, 1928. The trial court attached to and made a part of its order a memorandum which stated that the instruments which it received subject to objection were inadmissible to prove constructive notice to the defendant and that his objection to the introduction thereof for that purpose was sustained. It is the contention of the plaintiff that inasmuch as the trial court did not sustain objections to the introduction of these documents and statutes until it did so by memorandum attached to its order denying a new trial, the documents must be considered as in evidence for the purposes of this appeal.

Without passing upon that question, we think that the trial court must be affirmed for the reason that none of the statutes of Saskatchewan which were sought to be introduced in evidence purport to affect the question of constructive notice. They authorize registration and make certified copies *prima facie* evidence for certain purposes, but no evidence whatever was offered of either written or unwritten law as it may exist in reference to the question of constructive notice in the province of Saskatchewan. Constructive notice arising out of the recording of instruments affecting the title to real estate is a creature of the statute. Greenleaf v. Edes, 2 Minn. 226, 231 (264). Since the Declaration of Independence the law of Great Britain and its dependencies is the law of a foreign country and, like any other foreign law, is a matter of fact which the courts of this country cannot be presumed to be acquainted with or to take judicial notice of unless it is pleaded and proved. Liverpool & G. W. Steam Co. v. Phenix Ins. Co. 129 U. S. 397, 445, 9 S. Ct. 469, 32 L. ed. 788. Therefore we cannot charge the defendant with constructive notice of what he might have discovered had he been aware of the contents of the title deed of Emily Greear.

Order affirmed.

Mr. Justice Stone, absent because of illness, took no part in the consideration or decision of this case.