**CAHILL et al. v. BRYAN.**

**No. 10517.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 28, 1950.

Decided Aug. 2, 1950.

Joseph T. Sherier, Washington, D. C., with whom Mr. Hanserd K. Presley, Washington, D. C., was on the brief, for appellants.

William F. McDonnell, Washington, D. C., for appellee.

Joseph Fitzgerald, Jr., and Louis J. Fitzgerald, Washington, D. C., entered appearances for John L. Shea trustee.

Before EDGERTON, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia which required appellants to convey title to a piece of real estate and ordered appellant Walter J. Cahill to pay fees to the attorneys for appellee and for the trustees who were nominal defendants.

In 1939 Mrs. Bryan, appellee, conveyed 1409 N Street, Northwest, to two trustees for the Marcah Corporation. That corporation was organized by Walter J. Cahill, appellee's son and one of the appellants, for the purpose of erecting an apartment house on the property conveyed. The parties were unable to perfect the necessary arrangements for building, and the plan fell through. During the course of the negotiations Cahill encumbered the property by a $1,500 deed of trust. In 1944 the corporation defaulted on the deed of trust, and on the foreclosure sale Cahill had the property bought in by a straw party who then conveyed the premises to Cahill and his wife. In the same year the Marcah Corporation expired for failure to pay the state corporation charges. At the time the property was deeded to the corporation there was an outstanding first trust in the amount of some $6,000. There is evidence that foreclosure steps were being taken when it was conveyed. There is also testimony that Cahill paid the taxes on the property from 1939 to 1946; that he made several payments on the deeds of trust;

that he had the property refinanced; and that he discharged a judgment lien against the property by satisfying the judgment.

On those facts the trial judge found that Cahill had dealt fraudulently with his mother and, on the theory of constructive trust, ordered Cahill to return the property and to pay attorneys' fees to his mother's counsel and to counsel for one of the trustees who were named as defendants.

Appellants' principal argument is that the property was conveyed to the corporation absolutely in consideration for an implied or express contract to assume the liabilities on the property and to care for Mrs. Bryan for the rest of her life. While there is evidence which tends to establish that this was actually done (Cahill has made payments on the property, paid taxes, and provided meals and lodging), there is nothing in the record to show that this was Mrs. Bryan's purpose in conveying the property. On the contrary, the record does show that the conveyance was for the express purpose of building an apartment house. That purpose failed, and we think the District Court was correct in holding that a constructive trust arose when Cahill bought the property in by his straw party.[1]

We do not find that the record supports any finding of fraud on the part of appellants. It is clear that Cahill has expended substantial amounts for the property; that Mrs. Bryan has had the beneficial ownership, in that she lived there and collected the rents amounting to about $215 a month; and that the property was saved from foreclosure due to the efforts of Cahill. Thus, if Mrs. Bryan is to succeed in securing the return of her property, she must reimburse appellants for the amounts expended for the benefit of the property.[2] Appellee contends that appellants, in open court, waived their right to an accounting by stating that they did not wish the case referred to the Auditor for an accounting. Appellants' position is that

---

1. Knight Newspapers v. Commissioner of Internal Revenue, 6 Cir., 1944, 143 F.2d 1007, 154 A.L.R. 1267. See also 3 Scott, Trusts §§ 461, 462 (1939).

2. See Earll v. Picken, 1940, 72 App.D.C. 91, 113 F.2d 150; Chain O'Mines v. United Gilpin Corporation, 7 Cir., 1940, 109 F.2d 617; 3 Scott, Trusts §§ 479, 479.1 (1939).

they felt it was not such an extraordinary case as to require reference to a special master. They say the case involves only a simple mathematical determination, not of sufficient complexity to warrant a reference to the Auditor, but that if it is determined that it is a proper case for reference they do not object to it. We do not think the record shows a waiver of appellants' right to an accounting.

■ One further point remains for consideration. The District Court allowed and ordered Cahill to pay counsel fees to Mrs. Bryan's attorney in the amount of $500 and in the amount of $100 to counsel for one of the trustees who held the property for the Marcah Corporation. Appellants say this was error. We agree. In equitable actions costs may be charged to either party in the discretion of the court,[3] but the District Code[4] specifies the compensation which may be taxed as costs and provides that no other costs may be so taxed unless provided by law. Since we find no fraud, the attorneys' fees are not allowable as damages.[5]

The case is remanded to the District Court with instructions to determine, either itself or by reference to the Auditor, the amounts expended by Cahill for the benefit of the property. That part of the judgment which ordered counsel fees to be paid by appellants is reversed.

Affirmed in part, reversed in part, and remanded.

3. Ruby Lee Minar, Inc., v. Hammett, 1931, 60 App.D.C. 291, 53 F.2d 149.
4. D.C.Code §§ 11—1501, 11—1502 (1940).
5. Schlein v. Smith, 1947, 82 U.S.App.D. C. 42, 160 F.2d 22.