**Talley HOLMES, Appellant,**

v.

**Erline B. JONES, Appellee.**

**No. 18872.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 17, 1964.

Decided Jan. 14, 1965.

---

Mr. George H. Windsor, Washington, D. C., with whom Messrs. George E. C. Hayes and Julian R. Dugas, Washington, D. C., were on the brief, for appellant.

Mr. John L. Laskey, Washington, D. C., with whom Messrs. Thomas S. Jackson and Robert M. Gray, Washington, D. C., were on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM:

In 1961, Mr. and Mrs. James Sutton executed a note to appellee for $3,100 secured by a second trust deed on property at 1524 Montana Avenue, N. W. This note was given in partial payment for the conveyance by appellee of the Montana Avenue property to the Suttons. Appellee in turn transferred this note, without recourse, to appellant for the sum of $2,500. Payment on the note now

being in default, appellant seeks to enforce the second trust interest in the property.

The trial court properly held that the conveyance from appellee to the Suttons was "void and of no effect" on the ground that appellee, who was at the time of the conveyance more than eighty years old, had not been properly informed and did not realize that the documents she signed were conveyances of her property. It follows that the Suttons had no title in the Montana Avenue property to support the second trust deed they executed. Even assuming that appellant took that deed as a bona fide purchaser without notice of the irregularity in the transaction between appellee and the Suttons, he has no enforceable interest in the property.[1]

Affirmed.

---

1. 3 AMERICAN LAW OF PROPERTY § 12.58, at 303 (Casner ed. 1952). Compare Osin v. Johnson, 100 U.S.App.D.C. 230, 243 F. 2d 653 (1957), where a conveyance of property by "a woman of more than average business experience" induced by

the buyer's misrepresentations was held voidable rather than void so that subsequent trust deeds conveyed to bona fide purchasers were valid. See generally Comment, 72 YALE L.J. 1205, 1212–22 (1963).