GEORGE W. FRAINE, Appellant, v. NORTH DAKOTA GRAIN & LAND COMPANY, a Corporation, Respondent.

(170 N. W. 307.)

Cropping contract — owner of land to have half — cropper to have half — usual form — title — rights of parties.

Under the usual cropping contract, when the landowner is to have a share of the crop and the tenant or cropper a share, each party has at all times

title to his share, and neither party has any right to sell or dispose of the share of the other party.

Opinion filed November 29, 1918.   Rehearing denied December 21, 1918.

Appeal from the District Court of Pierce County, Honorable *A. G. Burr,* Judge.

Plaintiff appeals.

Reversed and remanded.

*Harold B. Nelson,* for appellant.

A principal is liable for an act of conversion committed by his agent while proceeding within the scope of his authority. 38 Cyc. 2056; Farmers, etc. Bank v. Wood, 143 Iowa, 635; 118 N. W. 282; 120 N. W. 625; Feury v. McCormick, etc. Co. 6 S. D. 396; 61 N. W. 162; 31 Cyc. 1582, and cases cited in note 22; 8 N. D. 103; Comp. Laws 1913, § 5866.

A principal is also civilly liable to third persons for a tort committed by his agent while acting within the scope, real or apparent, of his employment, such as conversion and fraud. Ibid.

After accepting the benefits of a transaction a party will not be permitted to repudiate the transaction. He is estopped to claim both property and its fruits. Ibid.

The defendant, through its agent, received the proceeds of the sale of grain, grown on land in which it had no interest. It retains the money, knowing of the mistake made in selling grain from "the wrong piece of land" and it seeks to repudiate liability by claiming that the person who acted for it, who obtained for and turned over to it, the very money in dispute, was not its agent. 31 Cyc. 1582; Wycoff v Johnson, 48 N. W. 837; Trust Co. v. Phillis, 63 N. W. 903.

The plaintiff had good title to the grain converted. He was the real owner of the property, and the controversy is between him and a wrongdoer, and not between two persons equally innocent. There was no relation of landlord and tenant even. Jones, Land. & T. §§ 47, 48; Curry v. Davis, 1 Houst. (Del.) 598; Guest v. Opdyke, 31 N. J. L. 552; Grey v. Reynolds, 67 N. J. L. 169, 50 Atl. 670.

The naked right to enter upon a field to raise crops on shares, the owner remaining in general possession of the farm, does not amount

to a lease of the land. The parties under such circumstances are tenants in common of the crops. Jones Land. & T. § 51; Warber v. Hoisington, 42 Vt. 94; Elstad v. Elevator Co. 6 N. D. 88; Stebbins v. Demarest, 101 N. W. 528; Moore v. Lien, 91 Pac. 910; Abernathy v. Uhlman, 93 Pac. 936; Bank v. Rodgers, 103 Pac. 582; Dodson v. Covery, 105 Pac. 519; Fountain v. Fountain, 66 S. E. 1020; Fuhrman v. Interior, etc. 116 Pac. 666; Niagara Oil Co. v. Ogle, 96 N. E. 60; Mason v. Ward, 166 S. W. 466; Wheeler v. Sanitary Dist. etc. 110 N. E. 605.

The owner of the land, in the absence of express words indicating a different intention, is impliedly the owner of an interest in the crops which he may take and sell, without the consent of the cropper or party working the land. Smythe v. Tankersly, 56 Am. Dec. 193; Denton v. Stickland, 48 N. C. 61; Monerick v. Lewis, 3 McCord, 211; Messinger v. Union, etc. 65 Pac. 808; Neilson v. Slade, 49 Ala. 253; Rohrer v. Babcock, 58 Pac. 537.

*Richard E. Wenzel,* for respondent.

"There is absolutely no evidence whatever showing that Wenzel had been in any way deputized or authorized to represent the defendant in the matter of renting any of its lands."

It was the custom of Fraine's tenant Lindseth, to sell the crops and to pay Fraine by personal check on his own account, the amount due from him for each year. Ellis v. Nelson, 36 N. D. 300; Mpls. Iron Store Co. v. Branum, 36 N. D. 355.

Robinson, J. In 1916, the plaintiff was the owner of part of section 5-154-72. Under contract with plaintiff, Andrew Lindseth, or Lindseth Brothers farmed the land, sowed, harvested and threshed a crop of barley amounting to 396 bushels. Lindseth was to furnish the seed grain and to have all of the hay and each party was to pay for half of the twine bill and to have an equal share in the crop. After threshing Lindseth hauled the barley to the grain elevator. Then, on August 30, 1916, R. W. Wenzel, the attorney and agent of defendant, claimed half the barley and in his presence it was sold to the elevator company and its check was given to Lindseth Brothers, and they made their check to Wenzel for the gross price of half the grain, $129. On that check payment was stopped because, by inadvertence,

no allowance had been made for twine, threshing and hauling. On September 6, 1916, Lindseth Brothers made to R. E. Wenzel, a check in lieu of the first for $127.54, out of which there was paid for the threshing, twine, and hauling $21.14, and the balance, $106.40, Wenzel remitted to his clients, the defendants, and they received and retained the same. They claim that they are not liable in this suit, because it is not in the form of an action for money had and received.

Under the Code there is but one form of action which is named a civil action. All forms of pleading are abolished. The first pleading on the part of the plaintiff is the complaint which should contain a plain and concise statement of the facts constituting a cause of action. As the facts may not all be known, at the time of commencing an action, and as parties are not all skilful in making a proper statement of facts, the courts may permit pleadings to be amended before and after judgment and during the trial and may disregard errors and defects. In this case, the plaintiff might well have moved to amend his complaint to conform to the evidence and show that defendant had been a party to the sale of the grain and had on September 6, 1916, received from the sale the net proceeds, being $106.40. But the defendants were not in any way misled by the form of the complaint; they and their attorney, Wenzel, knew that they had received the money and had no right to retain it. Under date of October 24, Wenzel wrote George W. Fraine, saying: "Through mistake the North Dakota Grain & Land Company obtained the landlord's share of the crop on your 120 acres in section 5-154-72 instead of the 160 in section 7, 154-72."

The defense made is not to the credit of either the defendants or their attorney. It comes too near the line of pettifoggery. Counsel for defendant knew to a cent the precise net amount defendant had received from plaintiff's share of the crop, and still he advised them to stand the risk of a suit and a judgment when he should have advised them to refund the money.

And the court fell into the error of holding that under a cropping contract, when the landowner is to deliver half the crop, then until delivery he holds title to all the crop; and when the tenant is to deliver half the crop, then until delivery, he holds title to all the crop; and that either party having title may sell all the crop and let the other

party whistle for his share. Clearly that is not law. On the contrary, as this court has held, under the regular cropping contract, each party has title to his share of the crop from the time it is sown until it is harvested, threshed, and sold. And he may at any time sell or mortgage his share of the crop subject, of course, to any just liens. Minneapolis Iron Store Co. v. Branum, 36 N. D. 355, L.R.A.1917E, 298, 162 N. W. 543.

The case is entirely clear; it admits of no doubt; the plaintiff is entitled to recover from defendant $106.40 interest at 6 per cent from September 6, 1916, and the costs of both courts. Let the judgment be entered accordingly.

Reversed and remanded.

CHRISTIANSON, J. (concurring). I concur in the conclusion reached by Mr. Justice Robinson. I am not prepared, however, to concur in what is said by him arguendo in his opinion, and I disapprove of his censure of defendant's counsel.

BRUCE, Ch. J. I concur.

BIRDZELL, J. I concur in the result, but in view of the theory upon which the case was brought and tried below, and of the views of the trial judge, it is not too much to say that the remarks concerning counsel are wholly uncalled for.

GRACE, J. I concur.