**In re Lawrence W. WILD, Debtor.**

**Lawrence P. WILD and Lorraine S. Wild, Plaintiffs,**

**v.**

**Michael FARRELL, Trustee of Estate of Lawrence W. Wild, Defendant.**

**Bankruptcy No. 84–05524.**
**Adv. No. 84–7153.**

United States Bankruptcy Court, D. North Dakota.

Feb. 6, 1985.

---

Robert Price, Langdon, N.D., for plaintiffs.

Lowell P. Bottrell, Fargo, N.D., for defendant.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Plaintiff, Lawrence P. Wild, commenced the instant action by Complaint filed on December 4, 1984. His wife, Lorraine S. Wild, was granted leave to intervene as party plaintiff on January 25, 1985. By their Complaint, the Plaintiffs seek judgment of this Court declaring their one-third interest in crops grown on Debtor's leasehold to be paramount to any claim of the Trustee. As material to the ultimate issue, the Trustee in his Answer alleges that because the Plaintiffs failed to perfect their interest according to state law, such interest in the crops is inferior to the Trustee's claim. The case turns upon application of section 544 of the Bankruptcy Code. The Trustee on January 10, 1985, moved for Summary Judgment; and on January 21, 1985, the Plaintiffs filed a Cross-Motion for Summary Judgment.

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056 of the Rules of Bankruptcy Procedure, provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Jewson v. Mayo*

*Clinic,* 691 F.2d 405 (8th Cir.1982). In instances where, as here, both parties have moved for summary judgment, the court should weigh each party's claim against this standard. If no material facts remain necessary with which to render a decision, the case may be resolved in favor of the movant who prevails on the facts and law. The Court has before it and has considered the pleadings, the affidavits of the Trustee, Lawrence P. Wild and Lorraine S. Wild, as well as a copy of the farm lease in issue and the Plaintiffs' reply to a request for admissions. Lawrence P. Wild identified the 1984 crop agreement between the parties and has admitted that it was not filed with the Register of Deeds. After reviewing the above documents, the Court is satisfied that there exists no material fact which is not already evident from the state of the pleadings, affidavits and admissions.

## FINDINGS OF FACT

The facts as derived from the documents on file are not in dispute and may be summarized as follows: Lawrence P. Wild and his wife, Lorraine S. Wild, are the owners of real property situated in Cavalier County, North Dakota, described as follows:

The Southwest Quarter (SW¼) of Section Sixteen (16);

The Southwest Quarter of the Northeast Quarter (SW¼NE¼) of Section Seventeen (17);

The Southeast Quarter (SE¼) of Section Seventeen (17);

The West Half of the Southwest Quarter (W½SW¼) of Section Twenty-two (22); and

The Southeast Quarter of the Southwest Quarter (SE¼SW¼) of Section Twenty-two (22). All tracts being located in Township One Hundred Fifty-nine (159), Range Fifty-seven (57) in Cavalier County, North Dakota.

For several years, they rented the farmland to the Debtor, Lawrence W. Wild, and his wife, Susan Wild, for cash rent. Some time during the spring of 1984, they agreed to again rent the land to the Debtor and his wife for the 1984 crop year. According to the Affidavit of Lawrence P. Wild, the agreement was reduced to writing on April 22, 1984. The written agreement does not bear a date but is signed by the two Plaintiffs as well as the Debtor and his wife. It is captioned "Crop Agreement 1984" and provides:

This will certify that Lawrence P. Wild and Lorraine S. Wild, legal owners of the following described property SW¼ section 16—SW¼NE¼ section 17, SE¼ Section 17, W½SW¼ section 22—SE¼ SW¼ section 22, all located in township 159 Range 57, do herewith rent to Lawrence W. Wild and Susan Wild for the crop year of 1984. Renter to furnish all things necessary to produce a crop of good value.

Terms of the lease to be one-third to the landlord and two-thirds to the renter. Landlords share to be delivered to a legally operated elevator buying grain.

Land to be farmed in a good workman like manner. After crop is removed land must be fall worked, except 60 to 70 acres on section 16.

Roadside ditches must be mowed of grass. Any sloughs that cannot be mowed for hay should be burnt in the fall.

Plaintiff, Lawrence P. Wild, admits that the foregoing lease was not filed in the Office of the Register of Deeds for Cavalier County. The Debtor and his wife took possession of the leased land and farmed it for the 1984 season raising 1,211 bushels of wheat, 51,500 pounds of sunflowers, 7,259 bushels of spring wheat and 6,976 bushels of barley. These crops were harvested and placed in storage.

On October 5, 1984, Lawrence W. Wild filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee, claiming an interest in the crops superior to that of the Plaintiffs, brought a motion to sell the crops free and clear of the Plaintiffs' claim. The Court, at a hearing held on January 30, 1985, granted the Motion providing that the Plaintiffs' lien would extend to proceeds which would be escrowed in an interest-bearing account until resolution of

the instant adversary proceeding. Commodity Credit Corporation also claims an interest in a portion of the wheat, but this claim is not a subject of the instant adversary now in contention.

## CONCLUSIONS OF LAW

The issue here is whether the Plaintiffs as landlords lost their one-third interest in the crops by virtue of their failure to record the lease as required by North Dakota law. North Dakota Century Code § 47–16–03 provides:

> When a lease of a farm contains a provision reserving title to all or any part of the crops in the lessor until the conditions of the lease have been complied with by the lessee and a division of the crop is made, such lease must be filed in the office of the register of deeds in the county in which the land described therein is located prior to July first in the year in which the crops are raised to render such reservation of title effective as to subsequent purchasers or encumbrancers of the lessee of the grain raised upon such land. The failure to file such lease or contract in accordance with the requirements of this section shall constitute a waiver by the lessor of all rights reserved by him in such crops as against any subsequent purchaser or encumbrancer of the lease.

N.D.Cent.Code § 47–16–03. The Trustee argues that because Plaintiffs as landlords failed to file the lease as required by the foregoing section, their interest is unperfected as against the claim of the Trustee. The Plaintiffs believe the terms of their lease may be distinguished from the type of lease governed by section 47–16–03. In their view, their lease merely sets forth the interest of the Plaintiffs as landowner to a one-third interest in the crops. They argue the lease contains no reservation of title, no provision for division of crops nor any grant to the Plaintiffs of any lien or interest in the lessee's share of crop. In other words, their position is that the lease conveyed no interest to the Plaintiffs. By virtue of being the lessor, they already had an ownership interest in the one-third crop share. The purpose of the statute, they say, is to merely compel the lessee's compliance with the contract terms and, therefore, a mere reservation of title by a lessor does not come within view of section 47–16–03.

Generally, parties to a contract may bind themselves to any terms and conditions they wish. In absence of agreements to the contrary, however, a lessee is presumed under section 47–16–04 of the North Dakota Century Code to be owner of all crops produced during the term of the lease. *See Hamilton v. Winter*, 281 N.W.2d 54 (N.D.1979). If the dispute in the instant case were between the lessor and lessee, then the terms of the lease would be binding as a variance of section 47–16–04, irrespective of whether or not the lease was filed as required by section 47–16–03. Without an agreement between the lessor and lessee, however, a lessor is not, under North Dakota law, entitled to any of the crops. What this means is that a lessor cannot and does not retain an interest in crops merely by virtue of being the fee owner of the leased real property. North Dakota Century Code § 47–16–04 makes that quite clear. If an interest of any kind is to be retained by or preserved in the lessor, it must be by express agreement of the parties. Thus, in the instant case, the Plaintiffs' interest in the crops can exist only by virtue of the terms of the agreement which in this instance is the lease denoted "Crop Agreement 1984". This agreement provides that the crop produced should go "one-third to the landlord and two-thirds to the renter". The applicability of section 47–16–03 does not turn on the nature of the landlord's claim of interest, whether it be a mere lien or claim of title as owner. In the early case of *Kern v. Kelner*, 27 N.W.2d 567 (N.D.1947), the North Dakota Supreme Court recognized that a lease of farm land may be more than a reservation to the landlord of an interest in a lessee's share of crop. In that case, the court construed a lease as being an agreement where the landlord was owner of the crop. The *Kern* decision recognized,

as does this Court, that the law does not prevent lessors and lessees from making contracts to farmland as they see fit. The court in *Kern* noted that former section 47–1603 of the North Dakota Revised Code of 1943 (predecessor to present N.D.C.C. § 47–16–03) recognized that the interest of a landlord may indeed be more than that of a mere lienholder. Section 47–1603, said the court, invisions as well a reservation of title. Although the lease between the Plaintiffs and the Debtor in the instant case is not particularly clear in its terms, it may be assumed, as Lawrence P. Wild argues, that the Plaintiffs intended to reserve an ownership interest in one-third of all crops produced. If so, then the interest reserved was a reservation of title. There can be no greater claim of interest than that of title owner. In property law, a "reservation" operates for the benefit of the grantor and serves to retain in him his ownership to the extent stated. The term "title", without limiting language, commonly denotes a complex bundle of rights in property and, in normal legal usage, signifies ownership of the thing in question. *See generally Kohl Indus. Park Co. v. County of Rockland,* 710 F.2d 895 (2nd Cir.1983); *Standard Oil Co. v. Clark,* 163 F.2d 917 (2nd Cir.1947).

■ If the lessor intends to reserve a title interest, that interest may be preserved as against the lessee by merely entering into an agreement for the same. If, however, such reservations are to be effective as against subsequent purchasers and encumbrancers of the lessee, then the lease providing for an exception to the general law of section 47–16–04 must be filed with the register of deeds. Failure to file a lease as required constitutes a waiver by the lessor of *all rights* reserved by him in the crops. Even a reservation of a title interest may be lost in this fashion. Growing crops are susceptible to many types of liens under North Dakota law. Threshing liens, crop production liens, fertilizer, farm chemical and seed liens, sugar beet production liens and farm laborers' liens are expressly authorized by Chapters 35–07 through 35–11 of the North Dakota Centu-

ry Code. All of these potential lien claimants are precisely the encumbrancers which have priority over the lessor's reservation of title unless that reservation is preserved by filing as required by section 47–16–03. The purpose of requiring a lessor to file a lease if he wishes to preserve his claim of interest or reserve title in crops grown on a leasehold is to protect third parties who otherwise would have no knowledge of what the arrangement might be between the lessor and lessee and without such knowledge quite properly would assume, based on section 47–16–04, that all crops grown belonged to the lessee and were thus available to satisfy their lien.

■ Under section 544(a) of the Bankruptcy Code, the trustee at the time of filing the bankruptcy petition becomes vested with the status of a hypothetical lien creditor regardless of his personal knowledge or the knowledge of others. *In re Star Safety, Inc.,* 39 B.R. 755 (Bankr.N.D. 1984). He inherits the status of a judicial lien creditor holding an execution returned unsatisfied as of the date of the filing of the petition. *In re Lebus-Albrecht Lumber Co.,* 38 B.R. 58 (Bankr.N.D.1984). His status is similar to any other individual or entity who would have a right to claim a lien against the crops grown on the leasehold estate.

■ In order to protect themselves against the lien claims of third parties, including the claim of the trustee under section 522 of the Bankruptcy Code, the Plaintiffs were required by section 47–16–03 to file the lease with the Register of Deeds for Cavalier County prior to July 1, 1984. Their failure to do so leaves them in no better position in respect to the 1984 crop than any other unsecured creditor. While this result is harsh in its effect, the Plaintiffs unlike many of the Debtor's other creditors at least had an opportunity afforded to them under North Dakota law to protect their interest in the crop to the exclusion of all third-party lien claimants. Their failure to do so renders their claim inferior to the claim of the Trustee.

Accordingly, and for the reasons stated, summary judgment shall be entered in favor of the Trustee. It is the holding of the Court that the interest of the Trustee in the one-third crop raised in 1984 land leased from the Plaintiffs is superior to the claim of the Plaintiffs, Lawrence P. Wild and Lorraine S. Wild. All proceeds from the sale of said crops shall be turned over to the Trustee.

IT IS SO ORDERED.

JUDGMENT MAY BE ENTERED ACCORDINGLY.