In re Gary Francis VAN WINKLE and Kayleen Katherine Van Winkle, d/b/a Farmers, Case No. 484–00122.

and

**SECURITY STATE BANK OF TYNDALL, SOUTH DAKOTA**

v.

Victor CAP, Alton Schweinforth, Raymond Schneider, Alvin Hacecky, and Rick A. Yarnall, as Trustee for the bankruptcy estate of Gary Francis Van Winkle and Kayleen Katherine Van Winkle, Adversary No. 484–0069.

**Bankruptcy No. 484–00122.**
**Adv. No. 484–0069.**

United States Bankruptcy Court,
D. South Dakota.

Oct. 29, 1985.

Roger W. Damgaard, Woods, Fuller, Schultz & Smith, P.C., Sioux Falls, S.D., for plaintiff Security State Bank of Tyndall, South Dakota.

Victor Cap, pro se.

Alton Schweinforth, pro se.

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for defendant, Alton Schweinforth.

Raymond Schneider, pro se.

Alvin Hacecky, pro se.

Rick A. Yarnall, Trustee, pro se.

Gary Francis Van Winkle and Kayleen Katherine Van Winkle, Debtors, pro se.

John Harmelink, Yankton, S.D., for debtors Gary Francis Van Winkle and Kayleen Katherine Van Winkle.

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on a Request for Allowance of Administrative Claim and a Complaint to Determine the Validity, Priority and Extent of Liens, both filed by the Security State Bank of Tyndall, South Dakota. Hearings on both matters were held in Sioux Falls, South Dakota, on December 11, 1984. Testimony and exhibits were received, and the Court took the matters under advisement. Although no briefs were requested, counsel for the bank filed a brief in support of its position.

The debtors filed a Chapter 13 petition in bankruptcy on April 16, 1984. The Chapter 13 case was converted to Chapter 7 on October 4, 1984. Prior to the conversion, this Court had entered an Order Authorizing the Use of Cash Collateral and Granting Adequate Protection on May 7, 1984. The Order of Adequate Protection granted a replacement lien in all of the debtors' 1984 crops to the bank. The bank then perfected a security interest in the debtors' 1984 crops by filing financing statements with the Register of Deeds in Bon Homme County and the Secretary of State pursuant to the South Dakota Uniform Commercial Code. S.D.C.L. §§ 57A–9–302; 57A–9–401.

As of September 19, 1984, the debtors had used $47,222.57 of cash collateral, which amount is $7,222.57 more than the $40,000.00 authorized for use by the Court, and the same amount in excess of the substitute lien in crops granted to the bank as adequate protection. On September 20, 1984, the bank made application for allowance of an administrative claim in the amount of $7,222.57 for the shortfall in the adequate protection substitute liens. (The application as filed requests $7,222.57. The Court granted the bank's oral motion at the December 11 hearing to conform the pleadings to the proof as presented at that time in Exhibit 4 showing a shortfall of $28,978.81.)

On October 5, 1984, the Court entered an order allowing the bank to enter the debtors' owned and leased land where crops were growing to harvest and store the

crops pending the outcome of disputes over ownership and lien interests in the crops. The bank then filed the instant complaint on October 24, 1984, to determine the validity, priority and extent of liens.

■ After careful consideration of the files, testimony, exhibits, and arguments of parties and counsel, the Court will: 1) allow the bank an administrative claim in the amount of $28,978.81 for the amount of cash collateral used by the debtors in excess of that authorized by the Court. The replacement lien of $40,000.00 in the 1984 crops under these circumstances was inadequate to protect the value of the bank's interest, and they are entitled to an administrative claim under Section 507(b) of the Code in compensation for the shortfall; and 2) find that the bank has a valid, perfected security interest in the debtors' 1984 crops in the amount of $40,000.00 that is superior to any interest in these crops claimed by any of the defendants herein according to the following reasoning.

## VICTOR CAP

■ Mr. Cap, according to the bank's complaint, at one time claimed a lien in the debtors' 1984 soybean crop to secure a debt owed by the debtors for seed purchased from him. In order to perfect a seed lien under South Dakota law, a creditor must file a written statement according to the requirements of S.D.C.L. § 38–17–5 with the register of deeds of the county where the crop is to be grown. The record reveals that Mr. Cap failed to perfect a seed lien in the debtors' 1984 crops. In addition, Mr. Cap did not answer the complaint nor appear at the time of trial. Yankton attorney John Harmelink noted a voluntary appearance in the record for Mr. Cap but presented no evidence or arguments. Therefore, Mr. Cap must be treated as a general unsecured creditor, and the bank's interest in the 1984 crops is superior to any claim he has made.

## ALTON SCHWEINFORTH

■ The debtors rented cropland on a cash basis from Mr. Schweinforth. The second half of the rent was due on October 1, 1984. The debtors were unable to make the $3,500.00 payment. Mr. Schweinforth answered the instant complaint and was represented by counsel at the December 11 hearing. Mr. Schweinforth argues that he is entitled as a matter of equity to receive the $3,500.00 rent payment prior to any payment to the bank from the crop proceeds. He also argues that upon the debtors' default on October 1, the lease terminated and, therefore, the bank has no interest in the crops which matured after that date. This is clearly a state law question, and the South Dakota statutes set out the necessary steps to be taken by a landlord who wishes to protect his interest by reserving title to crops on rented land. S.D. C.L. § 38–17–2 provides that in the absence of the filing of the contract with the register of deeds for the county where the land is located pursuant to S.D.C.L. § 38–17–1,

> [T]he provision of any such contract reserving title to the grain or seed produced from a crop growing or to be grown upon any lands in the state and the landlord shall not apply to or be enforced against an innocent purchaser of such grain or seeds or against any innocent encumbrancer perfecting a security interest in such grain or seeds under the provisions of title 57A.

In the instant case, Mr. Schweinforth failed to protect his interest by reserving title to the crops grown on the land he rented to the debtors and filing the contract with the Register of Deeds in Bon Homme County.

In a recent bankruptcy case with similar facts in North Dakota, Judge Hill analyzed a similar North Dakota statute and concluded:

> The purpose of requiring a lessor to file a lease if he wishes to preserve his claim of interest or reserve title in crops grown on a leasehold is to protect third parties who otherwise would have no knowledge of what the arrangement might be between the lessor and lessee and without such knowledge quite properly would assume ... that all crops grown belonged

to the lessee and were thus available to satisfy their lien.

*In re Wild,* 50 B.R. 410, 414 (Bkrtcy.D.N. D.1985).

■ No evidence was presented in the instant case to indicate that the bank was anything but an innocent encumbrancer. Indeed, the liens were substitute liens granted in exchange for the use of the bank's cash collateral by the debtors, not the result of the ordinary transaction of business prepetition. Under these circumstances, the Court cannot grant Mr. Schweinforth an equitable lien superior to the bank because equitable liens should be reserved for situations in which a creditor has done all he could to protect himself but is prevented from properly perfecting his lien by the actions of another, usually the debtor.

Finally, Mr. Schweinforth's arguments about the termination of the lease on October 1 are unpersuasive. Mr. Schweinforth made no effort to compel the debtors to assume or reject the lease under Section 365 of the Code nor did he act in any other manner consistent with a termination of the lease. Even if he had, under South Dakota's version of the Uniform Commercial Code, crops are treated as personalty. S.D.C.L. § 57A–9–105(1)(h); S.D.C.L. § 57A–9–109(3). The little applicable case law has concluded that a secured creditor's interest in crops continues even though the ground upon which the crop is growing reverts to one other than the debtor. *See, e.g., United States v. Newcomb,* 682 F.2d 758 (8th Cir.1982); *In re Hoover,* 31 B.R. 432 (Bkrtcy.S.D.Ohio 1983).

### RAYMOND SCHNEIDER, ALVIN HACECKY

■ Raymond Schneider and Alvin Hacecky also rented cropland to the debtors. Neither filed a reservation of title as required by S.D.C.L. § 38–17–2 nor did they file an answer to the complaint herein. Both, however, appeared at the December 11 hearing and represented themselves.

For the same reasons previously discussed with regard to Mr. Schweinforth's arguments, the Court must consider them to be general unsecured creditors.

### RICK A. YARNALL, TRUSTEE, PRO SE

Mr. Yarnall, the trustee appointed in the instant case, did not participate in the proceedings. His position, however, established by the Code under Section 544, was also advanced by the bank at trial and in its brief. The trustee's interest is that of a judicial lien creditor and, in the instant case, is superior to that of any of the other defendants herein.

Mr. Yarnall did, unexplainably, file a separate answer on June 6, 1985, alleging a superior interest in a sow farrow with nursery, pen, and auger. These items of property were not included in the bank's complaint nor were interests in them litigated at the December 11 hearing. The Court will not determine the priority of liens in these items of property without proper notice and hearing.

The above and foregoing letter decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matters pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the bank is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law and in accordance with Bankr.R.P. 9021, to the Clerk of this Court.