795 F.2d 666
 In re Lawrence W. WILD, Debtor.
Lawrence P. WILD and Lorraine S. Wild, Appellants,
v.
Michael FARRELL, Trustee of the Estate of Lawrence W. Wild, Appellee.
 No. 85-5271.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 12, 1986.
Decided July 16, 1986.
 
 Robert Q. Price, Langdon, N.D., for appellants.
 Lowell Bottrell, Fargo, N.D., for appellee.
 Before HEANEY and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 This bankruptcy case arises from the lease in 1984 of North Dakota farm property owned by Lawrence P. and Lorraine S. Wild (the Wilds). The facts are not in dispute. The Wilds leased the property to their nephew, Lawrence W. Wild. The lease agreement reserved one-third of any crops grown on the land to the Wilds and directed the lessee (their nephew) to deliver those crops to a legally operated grain elevator. The Wilds brought this action against the Trustee in Bankruptcy (Trustee) of their nephew's estate after the Trustee took possession of all the grain which had been grown on the leased property. The Wilds claim that they are entitled to one-third of the proceeds from the sale of the grain. The question presented here is whether section 47-16-03 of the North Dakota Century Code required the Wilds to file their lease in the office of the county register of deeds for the county in which the leased land is located for their interest in the crops to have priority against any claim of the Trustee. The Wilds concede that they did not file the lease with the register of deeds. The Bankruptcy Court 50 B.R. 410, granted summary judgment for the Trustee, concluding that the North Dakota statute required the lease to be filed of record if it were to have priority over the Trustee's interest. The District Court[1] affirmed. We affirm the judgment of the District Court.
 
 
 2
 Section 47-16-04 of the North Dakota Century Code provides that "[t]he products received from real property during the term of a lease belong to the lessee." This result may be altered by an agreement between the lessor and the lessee. Kern v. Kelner, 75 N.D. 292, 27 N.W.2d 567, 575 (1947). The lease agreement here contained such an alteration; the Wilds reserved a one-third interest in the crops. The Trustee asserts that his interest is superior to that of the Wilds by virtue of his status as a hypothetical lien creditor pursuant to section 544(a) of the Bankruptcy Code. 11 U.S.C. Sec. 544(a). The Trustee argues that the Wilds were required to file their lease as provided in section 47-16-03 to prevail. The Wilds, on the other hand, claim that section 47-16-03 is inapplicable to the lease in this case.
 
 Section 47-16-03 states that
 
 3
 [w]hen a lease of a farm contains a provision reserving title to all or any part of the crops in the lessor until the conditions of the lease have been complied with by the lessee and a division of the crop is made, such lease must be filed in the office of the register of deeds in the county in which the land described therein is located.... The failure to file such lease or contract in accordance with the requirements of this section shall constitute a waiver by the lessor of all rights reserved by him in such crops as against any subsequent purchaser or encumbrancer of the lessee.
 
 
 4
 N.D.Cent.Code Sec. 47-16-03. The Wilds assert that this section is limited to leases that reserve title to a lessor until the lessee has complied with the conditions of the lease. According to the Wilds, their lease contained no conditions and therefore the lease does not fall within the ambit of the statute. Relying primarily upon Merchants' State Bank v. Sawyer Farmers' Cooperative Association, 47 N.D. 375, 182 N.W. 263, 267 (1921), a case that antedates section 47-16-03, they argue that their title to the crops vested when the crops emerged from the ground and that the North Dakota common-law rule that the retention of title by a landlord in a crop-share lease does not require any filing to be effective against third parties is applicable instead.
 
 
 5
 While we entertain no doubt that the Wilds would prevail over the lessee, we do not believe that the Wilds' claim here is superior to that of the Trustee. We are convinced that under section 47-16-03 the Wilds were required to file the lease with the register of deeds to have priority over subsequent purchasers or encumbrancers, including the Trustee.
 
 
 6
 The North Dakota legislature has made only minor changes in the wording of section 47-16-03 since the statute's enactment in 1941. In 1947, the North Dakota Supreme Court in Kern addressed the import of section 47-16-03, which was then codified as section 47-1603. The court observed that the title to the Act was not reproduced when the Act was codified and that the title was significant. 27 N.W.2d at 575. The omitted title is "An Act to Require the Filing of a Farm Lease Containing a Reservation of Title to Crop in the Lessor and Providing for a Waiver of Rights by the Lessor Upon Failure to File Such Lease." Id. The court noted that
 
 
 7
 "the legislature recognized that theretofore such reservation of title was valid as against the world. Thereafter, when the law became operative, the lessor to protect himself against subsequent purchasers or encumbrancers in good faith, would be required to have his contract on file. However, as between the parties the right of reservation of title in the lessor still remained good without filing."
 
 
 8
 Id.
 
 
 9
 We believe that section 47-16-03, read in light of Kern and in conjunction with section 47-16-04, makes the Wilds' interest in the crops, absent filing of the lease, superior only to the interest of the lessee. The Wilds' interest is superior to the lessee's interest under the terms of the agreement. See Kern, 27 N.W.2d at 575. Although the agreement alters the effect of section 47-16-04, it provides no notice of this fact to subsequent purchasers and encumbrancers of the lessee. It is for precisely this reason that the North Dakota legislature made the reservation of interests in crops ineffective against subsequent purchasers and encumbrancers unless the lessor files the lease with the register of deeds.
 
 
 10
 The North Dakota Supreme Court strongly indicated in Kern that the filing requirement applies to any lease that reserves an interest in crops rather than only to those leases containing conditions. The title of the original act, as that court observed, supports this conclusion. In addition, the District Court determined that the statute was applicable to the Wilds' lease and we accord substantial deference to the District Court's interpretation of state law. Mason v. Ford Motor Company, 755 F.2d 120, 122 (8th Cir.1985); Kansas State Bank v. Citizens Bank, 737 F.2d 1490, 1496 (8th Cir.1984). In any event, we believe, as did the District Court, that the lease in the instant case contains certain conditions which serve to bring the lease within the explicit terms of the statute. For example, the lease requires, among other things, that the lessee deliver the Wilds' share of the crops to a legally operated grain elevator. Thus, we are firmly convinced that this lease is subject to the requirements of section 47-16-03 and that the Trustee's claim must prevail since the lease was not filed in accordance with that provision. Since we have determined that the lease falls within the coverage of the statute, we need not address the Wilds' contention that North Dakota common law as enunciated in Merchants' State Bank v. Sawyer Farmers' Cooperative Association is applicable instead. We conclude that the District Court and the Bankruptcy Court were correct in their determinations that the Trustee was entitled to judgment as a matter of law and therefore we affirm. See Fed.R.Civ.P. 56(c).
 
 
 11
 HEANEY, Circuit Judge, dissenting.
 
 
 12
 I respectfully dissent. The North Dakota common law was clear and undisputed. Under a "cropping contract," each party had title to his share of the crop from the time it was sown, until it was harvested, threshed, and sold. It was unnecessary under North Dakota common law for a landlord to file the cropping agreement to protect himself against creditors of the tenant. Merchants' State Bank v. Sawyer Farmers' Co-op. Assn., 47 N.D. 375, 182 N.W. 263, 267 (1921); Fraine v. North Dakota Grain & Land Co., 41 N.D. 172, 170 N.W. 307, 308 (N.D.1918); Minneapolis Iron Store Co. v. Branum, 36 N.D. 355, 162 N.W. 543, 552 (N.D.1917).
 
 
 13
 The disputed issue under the common law in North Dakota was whether a landlord, to maintain an interest in the crop over and above his share for securing payment from the tenant for monies advanced by the landlord, was required to file that agreement to protect himself against creditors of the tenant. The North Dakota Supreme Court indicated in Minneapolis Iron Store, supra, that the landlord was required to file such agreements. However, four years later in Merchants' State Bank, supra, the North Dakota Supreme Court clarified the result in Minneapolis Iron Store and specifically held that it was not necessary to file an agreement between the landlord and the tenant under which a landlord retained an interest in the crop over and above his share to be effective against subsequent purchasers or incumbrancers claiming under the tenant.
 
 
 14
 It was the Merchants' State Bank case that the North Dakota Legislature addressed in section 47-16-03. It changed the law with respect to agreements under which the landlord retained an interest in the tenant's share of the crop. It required such agreements to be filed to prevail against creditors of a tenant. It did nothing, however, to change the North Dakota common law with respect to the rights of the landlord to his share of the crop. By its specific terms, section 47-16-03 is applicable only to those situations in which a landlord retains title to all or a part of the crops "until conditions of the lease have been complied with by the lessee and a division of the crops is made." N.D.Cent.Code Sec. 47-16-03.
 
 
 15
 "Every word, clause, and sentence used in the statute is to be given effect." Garner Public School District No. 10 v. Golden Valley County Committee for Reorganization of School Districts, 334 N.W.2d 665, 670 (N.D.1983). To hold as the majority has that section 47-16-03 applies to a simple "cropping contract" renders the phrase "until the conditions of the lease have been complied with" obsolete. N.D.Cent.Code Sec. 47-16-03.
 
 
 16
 In my view, this Court is upsetting North Dakota law as it is commonly understood, and is applied to simple cropping agreements. It will force North Dakota landowners to file cropping agreements with the register of deeds in the county in which the land is located to protect their interest in the crop. I find nothing in the legislation to indicate that the North Dakota Legislature intended this dramatic reversal of the common law.
 
 
 
 *
 The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation
 
 
 [1]
 The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota