HEANEY, Circuit Judge,
dissenting.
I respectfully dissent. The North Dakota common law was clear and undisputed. Under a “cropping contract,” each party had title to his share of the crop from the time it was sown, until it was harvested, threshed, and sold. It was unnecessary under North Dakota common law for a landlord to file the cropping agreement to protect himself against creditors of the tenant. Merchants’ State Bank v. Sawyer Farmers’ Co-op. Assn., 47 N.D. 375, 182 N.W. 263, 267 (1921); Fraine v. North Dakota Grain & Land Co., 41 N.D. 172, 170 N.W. 307, 308 (N.D.1918); Minne *669 apolis Iron Store Co. v. Branum, 36 N.D. 355, 162 N.W. 543, 552 (N.D.1917).
The disputed issue under the common law in North Dakota was whether a landlord, to maintain an interest in the crop over and above his share for securing payment from the tenant for monies advanced by the landlord, was required to file that agreement to protect himself against creditors of the tenant. The North Dakota Supreme Court indicated in Minneapolis Iron Store, supra, that the landlord was required to file such agreements. However, four years later in Merchants’ State Bank, supra, the North Dakota Supreme Court clarified the result in Minneapolis Iron Store and specifically held that it was not necessary to file an agreement between the landlord and the tenant under which a landlord retained an interest in the crop over and above his share to be effective against subsequent purchasers or incumbrancers claiming under the tenant.
It was the Merchants’ State Bank case that the North Dakota Legislature addressed in section 47-16-03. It changed the law with respect to agreements under which the landlord retained an interest in the tenant’s share of the crop. It required such agreements to be filed to prevail against creditors of a tenant. It did nothing, however, to change the North Dakota common law with respect to the rights of the landlord to his share of the crop. By its specific terms, section 47-16-03 is applicable only to those situations in which a landlord retains title to all or a part of the crops “until conditions of the lease have been complied ivith by the lessee and a division of the crops is made.” N.D.Cent. Code § 47-16-03.
“Every word, clause, and sentence used in the statute is to be given effect.” Garner Public School District No. 10 v. Golden Valley County Committee for Reorganization of School Districts, 334 N.W.2d 665, 670 (N.D.1983). To hold as the majority has that section 47-16-03 applies to a simple “cropping contract” renders the phrase “until the conditions of the lease have been complied with” obsolete. N.D. Cent.Code § 47-16-03.
In my view, this Court is upsetting North Dakota law as it is commonly understood, and is applied to simple cropping agreements. It will force North Dakota landowners to file cropping agreements with the register of deeds in the county in which the land is located to protect their interest in the crop. I find nothing in the legislation to indicate that the North Dakota Legislature intended this dramatic reversal of the common law.