Ray and Marilyn PERKINS, Appellants,

v.

CLARK EQUIPMENT COMPANY, MELROSE DIVISION, Appellee.

No. 86–5455.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1987.

Decided July 6, 1987.

---

Charles A. Collins, Minneapolis, Minn., for appellants.

John D. Kelly, Fargo, N.D., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Ray and Marilyn Perkins appeal from an order of the district court[1] granting Clark Equipment Company's motion for summary judgment in this product liability case. The district court held that Iowa's two-year statute of limitations applies and that the Perkinses' suit was time barred. For the reasons stated below we affirm.

## I. BACKGROUND

At all relevant times Ray and Marilyn Perkins were residents of Iowa. On January 5, 1982, while working for the City of Des Moines, Iowa, Ray Perkins fractured his right leg while attempting to mount a model 631 Bob Cat Skid-Steer Loader. Perkins' hospital bills and workers compensation disability benefits were paid by the City of Des Moines.

The loader involved in the accident was designed, manufactured, and assembled by Clark Equipment Company at its Fargo, North Dakota facility. The loader was sold and delivered to a third party in Des Moines who in turn resold it to the City of Des Moines. While in the hands of the third party, modifications were made on the loader which, Clark argues, ultimately resulted in the accident.

On December 13, 1984 the Perkinses filed this suit in the United States District Court for the District of North Dakota. Clark moved for summary judgment, argu-

ing that the suit was barred by Iowa's two-year statute of limitations. The Perkinses resisted the motion, arguing that North Dakota's six-year statute of limitations applies. The district court granted summary judgment in favor of Clark, holding that under North Dakota's significant contacts approach to choice of laws questions, Iowa's statute of limitations applies. Subsequently, the Perkinses moved the district court to stay judgment and to certify the choice of laws question to the North Dakota Supreme Court. This motion was denied.

## II. DISCUSSION

In diversity of citizenship cases the district court must apply the choice of laws rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). On appeal great deference is given to the district court's interpretation of state law. *In re Wild,* 795 F.2d 666, 668 (8th Cir.1986). When the state's highest court has not decided the issue we will reverse the district court's interpretation only if it is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." *Barber-Greene Co. v. National Bank of Minneapolis,* 816 F.2d 1267, 1270 (8th Cir.1987) (quoted citations omitted).

In the present case the district court noted that the North Dakota Supreme Court has not specifically addressed how statutes of limitations should be characterized for choice of law purposes. In 1972 the North Dakota Supreme Court abandoned the *lex loci delicti* (law of place of injury controls) approach to choice of laws questions and adopted the most significant contacts approach. *Issendorf v. Olson,* 194 N.W.2d 750 (N.D.1972). The Perkinses argue that *Issendorf* only applies to substantive law and that the forum should always apply its own procedural laws, including the statute of limitations. The Perkinses argue that other states which have aban-

---

1. The Honorable Patrick A. Conmy, United States Chief District Judge for the District of   North Dakota.

doned the *lex loci delicti* approach have retained the substance/procedure distinction where statutes of limitations are involved.

The district court held that although *Issendorf* did not specifically address the issue, it did offer sufficient guidance. The court in *Issendorf* called the substance/procedure distinction "an unsatisfactory approach to the determination of the choice law in tort cases." 194 N.W.2d at 754. The court in *Issendorf* adopted the most significant contacts approach because the substance/procedure distinction was easily manipulated in hard cases and because it was more just, fair, and practical to apply the law of the state most interested in the outcome. *Id.* From this reasoning the district court determined that the North Dakota Supreme Court would apply the most significant contacts approach to statutes of limitations. We agree.

The Perkinses argue that the reasons for abandoning the substance/procedure distinction do not apply to statutes of limitations and that the lack of clear guidance from the North Dakota Supreme Court suggests that the old rule, including the distinction, should be retained. Although these arguments deserve consideration, they fall short of showing that the district court's interpretation of North Dakota law is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." 816 F.2d at 1270.

Affirming the district court's application of the most significant contacts approach to the statute of limitations does not end our inquiry, however. The Perkinses argue that the district court erred in holding that Iowa had the most significant contacts under the facts in this case. The undisputed facts show the following contacts with North Dakota: 1) Clark is licensed to do and does business in North Dakota; 2) Clark designed and assembled the loader in North Dakota; and 3) the Perkinses filed this lawsuit in North Dakota.

The Iowa contacts are: 1) the accident occurred in Iowa, in the course of Ray Perkins' employment with the City of Des Moines, Iowa; 2) the Perkinses were, at all pertinent times, Iowa residents; 3) Clark is licensed to and does business in Iowa; 4) Ray Perkins' medical care was provided in Iowa; 5) the City of Des Moines paid his medical bills pursuant to Iowa worker compensation law and paid his worker compensation benefits; 6) the loader was sold and delivered by Clark to a third party in Iowa; and 7) modifications to the loader were made in Iowa.

We agree that Iowa has the more significant contacts. The Perkinses argue that the most significant contact is that since the loader was designed and manufactured in North Dakota, North Dakota's six-year statute of limitations is evidence of a strong policy to hold North Dakota manufacturers liable for an extended period of time. However, it is not our role to second guess the district court's interpretation of state law. Absent clear error or an abuse of discretion we will not reverse the district court's interpretation of state law. *Brown & Root, Inc. v. Hempstead County Sand & Gravel, Inc.*, 767 F.2d 464, 469 (8th Cir. 1985). After careful consideration we believe that the district court's interpretation was neither clearly erroneous nor an abuse of discretion, but, in fact, was correct.

Finally, the Perkinses argue that this court should certify the question of state law to the North Dakota Supreme Court. In *Lehman Brothers v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974) the Supreme Court held that use of a state's certification procedure "rests in the sound discretion of the federal court." Also, "[a]bsent a 'close' question and lack of state sources enabling a non-conjectural determination, a federal court should not avoid its responsibility to determine all issues before it." *Shakopee Mdewakanton Sioux Community v. City of Prior Lake*, 771 F.2d 1153, 1157 n. 2 (8th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1185, 89 L.Ed.2d 301 (1986). For several reasons we believe that certification is inappropriate in this case.

First, the Perkinses did not move the district court to certify the question

until after the motion for summary judgment had been decided against them. The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present. Only in limited circumstances should certification be granted after a case has been decided. *See, e.g., Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir.1984) (party should not be allowed a "second chance at victory" after district court has decided issue); *Harris v. Karri-On Campers, Inc.*, 640 F.2d 65, 68 (7th Cir.1981) (certification after case is tried would only prolong litigation).

Second, the issue in this case is not an extremely close one. *See Hatfield v. Bishop Clarkson Memorial Hosp.*, 701 F.2d 1266, 1268 (8th Cir.1983) (en banc). We believe that *Issendorf* provides enough guidance so that the decision in this case is not merely conjectural. Further, we believe that the district court correctly predicted how the North Dakota Supreme Court would have decided the issue. The court in *Issendorf* specifically rejected the substance/procedure distinction as unsatisfactory. 194 N.W.2d at 754. There is no reason to believe that the court would now welcome this "unsatisfactory approach" when statutes of limitations are involved.

Third, in 1985 the North Dakota Legislature enacted the Uniform Conflict of Laws—Limitations Act. N.D.Cent.Code §§ 28-01.2-01 through 05 (Supp.1985). Although the effective date of the Act makes it inapplicable to this case, it nevertheless is helpful in deciding whether to certify this issue to the state supreme court. Under the Act courts will apply the statute of limitations of the state which governs the substantive issues. This result is consistent with the result we reach today. The Act also is significant in another respect. One of the factors we look at when determining whether to certify an issue is whether it is likely to recur. *Hatfield*, 701

F.2d at 1268. Because North Dakota has unequivocally determined how statutes of limitations are to be treated in the choice of laws area, this issue is not likely to arise again. Consequently, the Perkinses' request for certification is denied.

## III. Conclusion

The order of the district court granting summary judgment in favor of Clark Equipment Company is affirmed. The district court's application of the most significant contacts choice of laws approach to the statute of limitations issue is neither "fundamentally deficient in analysis" nor "otherwise lacking in reasoned authority." Further, the district court correctly held that Iowa had the most significant contacts under the facts in this case. Finally, this case is inappropriate for certification because the legal question is neither close nor likely to recur.