**In re Herbert ROTHBERG, Debtor.**

**Marvin and Pauline SACKS, Plaintiffs,**

v.

**Herbert ROTHBERG, et al., Defendants.**

Bankruptcy No. 89–1040.
Adv. Proc. No. 90–0120.

United States Bankruptcy Court,
District of Columbia.

May 30, 1991.

Joseph A. Artabane, Washington, D.C., for plaintiffs.

Marc E. Albert, Howard G. Slavit, Ronald C. Jessamy, Ronald J. Marshall, James Bruce Davis, Washington, D.C., for defendants.

## DECISION ON MOTIONS FOR SUMMARY JUDGMENT

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The plaintiff Pauline Sacks seeks a declaration that she has an equitable lien against the debtor's interest in a limited partnership and that the equitable lien takes priority over any perfected security interests of the defendants. I hold that she has no equitable lien but only a consensual lien constituting an unperfected security interest junior to perfected security interests under article 9 of the District of Columbia's Uniform Commercial Code ("UCC").[1] Accordingly, I will deny her motion for summary judgment and grant the defendants' cross-motions for summary judgment.

In 1982 Sacks and the debtor, Herbert Rothberg, executed a written agreement. The debtor owes Sacks $512,530.61 pursuant to the agreement. Paragraph 14 of the agreement provided that upon the sale of the debtor's interest in Central Liquor Store, Inc. "an equitable lien in favor of Sacks shall attach and the interest transferred shall be expressly subject to the obligation to pay when due all amounts owed ..." but qualified this by providing

---

1. D.C.Code §§ 28:1–101, et seq. Specific provisions are cited hereinafter by reference to the numbers appearing after the colon. For example, D.C.Code § 28:1–102 will be cited as UCC § 1–102.

that "the aforesaid equitable lien shall attach only to one-half the net proceeds received by Rothberg in connection with such sale...." The debtor sold his interest in Central Liquor Store, Inc. on December 29, 1986 pursuant to an agreement of April 4, 1985 and received his interest in 9E Associates, a limited partnership, in exchange. Subsequently, four of the defendants[2] obtained security interests in the debtor's interest in 9E Associates and filed financing statements thereby obtaining perfected security interests. UCC §§ 9–302(1) and 9–303(1).

Under UCC § 1–201(37) the term "security interest" means an interest in personal property which secures payment and thus covers Sacks' interest here. Pursuant to UCC § 9–102(2), article 9 of the UCC applies to "security interests created by contract including pledge ... *or other lien* ... intended as security" (emphasis added) and pursuant to UCC § 9–102(1)(a), article 9 applies to any transaction "intended to create a security interest in personal property...." Article 9 of the UCC thus governs Sacks' security interest.

■ Sacks acquired a security interest in the debtor's interest in 9E Associates because she at least obtained a written agreement complying with UCC § 9–203. Had she not obtained a writing reflecting her agreement with the debtor, no equitable lien theory would have been possible to give effect to the consensual lien even against the debtor. *Shelton v. Erwin*, 472 F.2d 1118, 1120 (8th Cir.1973) (citing the Missouri version of the U.C.C., § 9–203, comment 5).

■ Although Sacks obtained a security interest, she never perfected it. To perfect her security interest Sacks was required to file a financing statement. UCC

§ 9–302(1). She cannot escape the perfection requirements of the UCC by pointing to the label she affixed to the lien. To permit the mere expedient of affixing an equitable lien label to control would provide a ready loophole to the UCC in contravention of legislative intent. Whatever Sacks chose to call it, the lien was a consensual lien governed by the UCC's perfection standards. Sacks is thus in no better position than the lienholder in *In re Washington Communications Group, Inc.*, 10 B.R. 676 (Bankr.D.D.C.1981), who erroneously believed on counsel's advice that perfection could not be attained by filing a financing statement:

> ... there was an agreement knowingly entered into by the parties. By the terms of the agreement, a security interest was created; however, no steps were taken to perfect that interest. The failure of the plaintiff, even assuming that it was predicated on the erroneous statement of counsel, results strictly in an unperfected security interest.

*Id.* at 679 n. 11.

As in *Washington Communications* there is no evidence of wrongdoing or fraud that would support creation of an equitable lien on a basis independent of contract. Sacks has adduced no evidence that she bargained for the right to perfect the lien against third parties; even if she did, there is no evidence that the debtor prevented her from perfecting it. *See In re O.P.M. Leasing Services, Inc.*, 23 B.R. 104, 119 (Bankr.S.D.N.Y.1982); *In re Van Winkle*, 54 B.R. 466, 469 (Bankr.D.S.Dak. 1985). Without a non-contractual basis for an equitable lien, Sacks has lien rights governed solely by article 9 of the UCC. It follows that her unperfected lien is junior to the liens of those four defendants who filed financing statements to perfect their

---

**2.** The four defendants are Burke & Herbert Bank & Trust Company, the National Bank of Washington (through its receiver, the FDIC), Signet Bank, N.A. and Corriea & Slavit, P.C. Although only two of these defendants have moved for summary judgment, the plaintiff's concession of perfection at oral argument makes summary judgment appropriate as to all four. These four defendants' liens far exceed the value of the debtor's interest in 9E Associates and this makes moot any issues between

liens. UCC § 9–312(5)(a).[3]

An appropriate order follows.

the plaintiff and other defendants in this proceeding.

**3.** By showing that they took without knowledge of Sacks' asserted interest, the holders of perfected security interests would defeat her interest as bona fide purchasers even if Sacks has an equitable lien. *Osin v. Johnson,* 243 F.2d 653 (D.C.1957). Although Sacks admits she has no evidence of the defendants' knowledge of her interest, the burden would lie with the defen-

dants to show lack of knowledge as a basis for defeating an equitable lien and they have presented no evidence on that score. As between competing security interests under the UCC, however, the rule is, with exceptions inapplicable here, that a subsequent creditor's knowledge of another creditor's earlier unperfected security interest does not by itself give the unperfected security interest priority.