# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3013

_____

Luke Greika,      *
     *
         Appellant,      *     Appeal from the United States
     *     District Court for the
     v.      *     Eastern District of Arkansas.
     *
United States of America,      *     [UNPUBLISHED]
     *
         Appellee.      *

_____

Submitted: April 17, 2008
Filed: June 13, 20089

_____

Before GRUENDER, BRIGHT and BENTON, Circuit Judges.

_____

PER CURIAM.

Luke Greika appeals the district court's[1] adverse grant of summary judgment on his claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. Greika camped at a United States Army Corps of Engineers ("Corps") campground at Heber Springs Park, a recreational area at Greers Ferry Lake in Arkansas. The Corps does not charge an admission fee to enter the park, but Greika paid $15 per night to rent a campsite. A rock shifted while Greika was walking along a bluff near his campsite, and he fell and was injured.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Based upon our de novo review of the record, we conclude that the district court properly granted summary judgment. *See Executive Air Taxi Corp. v. City of Bismarck*, 518 F.3d 562, 566 (8th Cir. 2008) (standard of review). Greika first argues that the Arkansas Recreational Use Statute ("ARUS"), Ark. Code Ann. §§ 18-11-301 et seq., which provides immunity for landowners who allow recreational use of their property without charge, does not extend to the federal government. We have consistently concluded that the ARUS provides immunity to the United States to the same extent as a private person. *See, e.g.*, *Mandel v. United States*, 719 F.2d 963, 967 (8th Cir. 1983).

Second, Greika claims that the $15 camping fee was a "charge," and the ARUS does not provide immunity for a landowner who charges recreational users. Ark. Code Ann. § 18-11-307(2). "Charge" is defined as "an admission fee for permission to go upon or use the land" and does not include "[c]ontributions in kind, services, or cash paid to reduce or offset costs and eliminate losses from recreational use." *Id.* § 18-11-302(1). Interpreting a similar Missouri statute in *Wilson v. United States*, 989 F.2d 953 (8th Cir. 1993), we found that a $2 fee to use land overnight was not an "admission fee" to enter the land, where the campers "entered the park without paying a fee." *Id.* at 957. Similarly, Greika did not pay an admission fee to enter the park. The $15 nightly fee he paid to rent the campsite was used to "offset costs and eliminate losses from recreational use." The Government submitted uncontested evidence that recreational use fees amounted to only half of the annual expenditures to maintain and operate the recreational use facilities.

Greika asks for the first time on appeal that we certify to the Arkansas Supreme Court these two questions of law: whether the ARUS extends to the federal government and whether the $15 camping fee is a "charge." "Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present. Only in limited circumstances should certification be granted after a case has been decided." *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 210 (8th Cir. 1987). We decline to do so here.

Finally, Greika argues that the United States maliciously failed to warn him about an ultra-hazardous structure, loose rocks near the bluffs. *See* Ark. Code Ann. § 18-11-307(1). Assuming that the rocks were an ultra-hazardous structure, Greika failed to show that the United States maliciously failed to guard against the danger of shifting rocks near the bluffs. There had been no other reported incidents of injuries, the height of the bluffs and the collapsed rocks were obvious to campers, and the United States did not advise Greika to stand on the rocks. *See Jenkins v. Ark. Power & Light Co.*, 140 F.3d 1161, 1164 (8th Cir. 1998) (finding no malice where landowner did not advise plaintiff to dive in a shallow area); *Roten v. United States*, 850 F. Supp. 786, 790 (W.D. Ark. 1994) (finding that, despite three previous deaths on account of accidental falls from cliffs, the United States did not act maliciously).

Accordingly, we affirm for the reasons set forth herein as well as in the district court's well-reasoned opinion. *See* 8th Cir. R. 47B.[2]

------------------------

[2]Because we find that the ARUS immunizes the Government, we do not address the discretionary function exception of the FTCA.